■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
WENDY LA FORGE, Appellant. — Appeal from a judgment of the
County Court of Ulster County (Vogt, J.), rendered July 11,
1983, upon a verdict convicting defendant of the crime of rob-
bery in the third degree.

At about 10:45 P.M. on November 7, 1982, defendant allegedly
came to the brightly lighted office of a gasoline service station in
the Town of Wawarsing, Ulster County. Defendant then opened
the door, entered partially and asked Dawn Di Cairano, the 18-
year-old attendant, if there was a bathroom she could use.
Defendant returned 10 or 15 minutes later, entered the office
and, standing less than two feet away with a knife in her hand,
asked Di Cairano if she had any money. Defendant told her to
open the cash box beneath a desk, took the money and left the
premises. The victim gave the police a complete and detailed
description of defendant and her clothing. She was arrested
November 30, 1982 and a search of her home pursuant to a
search warrant resulted in the seizure of some of the items of
clothing worn and the knife used by defendant in the robbery. A
jury rejected defendant's alibi defense and found her guilty of
robbery in the third degree as charged, giving rise to this appeal.

Defendant's sole argument is prosecutorial misconduct during
summation, when, in four instances, the District Attorney alleg-
edly went beyond the bounds of permissible comment (see *People
v Ashwal,* 39 NY2d 105). First, it was stated that the prosecu-
tion "can also establish the motive to commit the crime. [Defen-
dant] had no money on the evening of November 7th". The trial
court sustained an objection dissipating any prejudice. Second,
the prosecutor commented on the failure of the police to obtain
fingerprints, stating that it was impossible. These remarks were
clearly fair comment and response in kind to those made in the
first instance by defense counsel in his summation (*People v
Patterson,* 83 AD2d 691).

Defendant next contends that the prosecutor's comment that
the victim gave a "vivid description" of defendant to the police
was impermissible because there was no testimony to such effect
in the record, either by the victim or anyone else. We disagree.
The victim testified that she stood side by side less than two feet
from defendant and testified "I was just concentrating on things
I could tell the police, what she was wearing, and things, and
what she looked like". She was able to accurately give police the
colors of defendant's clothing and her facial features. In this
light, the prosecutor's remarks were within bounds. We further
note that the remarks about the victim having taken a mental
photograph which she saw over and over in her mind, while

perhaps more picturesque than anything else, cannot be said to warrant a new trial. Finally, defendant urges that the prosecutor's characterization of the defense counsel as throwing up a smokescreen when his client was caught redhanded was so inflammatory and prejudicial as to require reversal. We disagree and do not find that the conduct of the prosecutor during summation was so egregious as to deny defendant her constitutional right to a fair trial, nor rose to the level of misconduct requiring reversal and a new trial (see *People v Patterson,* 88 AD2d 694, 695, affd 59 NY2d 794).

Judgment affirmed. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.