██ The People of the State of New York, Respondent, v

CARLTON M. COTE, Appellant

 Memorandum: Defendant appeals from a conviction upon a plea of guilty to burglary in the third degree, arguing that a civilian complainant's participation in the execution of the search warrant at defendant's residence rendered the search of his residence illegal, requiring suppression of items seized. We disagree. Testimony adduced at the suppression hearing established that the complainant was taken to defendant's residence after the police had identified items listed in the search warrant. The complainant merely pointed to items allegedly stolen from her. On these facts, we do not find that such participation invalidated the search (see, People v Boyd, 123 Misc 2d 634, 640).

We further find that the failure of either the investigator applying for the search warrant or the citizen informant, both of whom appeared before the issuing magistrate, to inform the magistrate of the fact that the informant recently had fought with defendant over a girl did not invalidate the search warrant. Even if the fight had motivated the informant to come forward, he was a citizen informant whose sworn information the magistrate reasonably could credit. There was probable cause to issue the search warrant (see, People v Hicks, 38 NY2d 90). (Appeal from judgment of Livingston County Court, Houston, J.—burglary, third degree.) Present— Doerr, J. P., Denman, Green, Pine and Schnepp, JJ.