OPINION OF THE COURT
Per Curiam.
Defendant was convicted, after a nonjury trial, of robbery in the first and second degrees for participating in a late-night robbery on White Plains Road in The Bronx. The victim testified that while walking home he observed two men, about 150-200 feet away, sitting on the steps in front of his apartment house. When he got within 10-20 feet of them, defendant turned to look at him. He testified that defendant’s face was clearly visible in the light from two nearby street lamps and from the lobby of the apartment house. The victim decided to continue walking. As he reached the corner of White Plains Road and 242nd Street the two men grabbed him from behind, threw him face first against a fence, held a gun to his head and took his wallet, a Sony Walkman and some jewelry. The victim testified that he turned to look at his attackers while they were going through his pockets and wallet and saw defendant’s face several more times. He positively identified *148 defendant in a photo array and in a corporeal lineup after defendant was arrested. The accomplice was never apprehended.
The defense was alibi. Defendant’s mother testified that her son was home throughout the evening in question with his longtime friend, Derek Thomas. She was in her bedroom watching T.V. and retired at 12:30 or 1:00 a.m. but she testified that had the boys left she would have seen them as they passed her open bedroom door and she would have heard them opening the night chain on the door and walking down the old wooden stairs of the building. Derek Thomas was not called to corroborate this testimony.
At the close of the evidence, the People requested the court to draw an inference from defendant’s failure to call Thomas as a witness and the court ruled generally that the People were entitled to the benefit of the missing witness rule. An extended colloquy followed in which counsel debated what inference should be drawn. Eventually, the court accepted the strongest adverse inference rule set forth in People v Glenn (68 AD2d 626, revd on other grounds 52 NY2d 880), but it did so only after noting treatise references in the opinion stating that the conflict in the various formulations of the missing witness rule were " 'more apparent than real’ ” (id., at 629) and that the only proper inference to be drawn was that the missing witness would not controvert or corroborate evidence he was in a position to controvert or corroborate (id., at 630). The court then invited opposing counsel to submit their understandings of what the strongest adverse inference was under the circumstances of the case on trial. The People contended that application of the Glenn standard permitted not only an inference that defendant was present at the scene of the crime but that he was guilty of committing it. Conversely, defense counsel contended that the strongest adverse inference was that had Thomas been called, he would have testified that he could not remember the evening in question. Thus, even if the Glenn rule were applicable, the prosecutor assigned too much weight to the inference and defense counsel gave it practically none. Nothing in the record reveals whether the court adopted either of these suggested inferences. At the conclusion of the trial, the court recessed to consider all the evidence and when it reconvened, it found defendant guilty of the two robbery counts and dismissed the remaining charge of criminal possession of stolen property.
*149 We have held that when a criminal defendant fails to call a witness under his control who might be expected to give favorable evidence on his behalf the finder of fact may draw an unfavorable inference from that omission (People v Wilson, 64 NY2d 634; People v Rodriguez, 38 NY2d 95, 101; and see, People v Gonzalez, 68 NY2d 424). However, we have not considered what inference should be drawn.
On appeal, the People continue to rely upon the standard set forth in People v Glenn (supra, at 626). That standard, adopting the civil rule set forth in Noce v Kaufman (2 NY2d 347, 353), permits the fact finder to view a criminal defendant’s failure to call a witness as an admission favorable to the People. Defendant relies on People v Terry (83 AD2d 491) which held that an accused’s failure to call a missing witness was something the jury could "consider”.
In the context of criminal cases, we find neither the Glenn nor Terry standards appropriate. Instead, the proper standard is that set forth in Criminal Jury Instructions (1 CJI [NY] 8.55, at 452) which provides that the fact finder may infer from defendant’s failure to call a witness, that if the witness had been called he would not have supported the defense testimony on the issue of which he possessed knowledge. If the fact finder elects to draw an inference from the failure to produce a witness, it may not speculate about what the witness would have said, nor may it assume that the witness could have provided positive evidence corroborating or filling gaps in the People’s proof. The inference is merely negative and allows the fact finder to infer that the missing witness would not have supported or corroborated defendant’s evidence. Thus, in this case, the court, as fact finder, could infer no more than that Thomas, if called, would not have corroborated the testimony of defendant’s mother that defendant was in her house on the night of the crime.
While the transcript in this case makes it clear that the court felt bound by the rule in People v Glenn (supra), it also establishes that the court thought there was little difference in the various formulations of the adverse inference rule when applied. There is nothing to suggest that it accepted the People’s argument that the court should infer defendant’s guilt from his failure to call the missing witness. Under these circumstances, and noting the critical difference between bench trials and jury trials, the court’s finding of guilt was based upon a proper review of the evidence (see, People v *150 Brown, 24 NY2d 168, 173; see also, Harris v Rivera, 454 US 339; United States v Frans, 697 F2d 188, cert denied 464 US 828; United States v Williams, 372 F2d 76, cert denied 389 US 880).
Accordingly, the order of the Appellate Division should be affirmed.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur in Per Curiam opinion.
Order affirmed.