■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN CICCIARO, Appellant.—Appeal by the defendant from two judgments of the County Court, Suffolk County (Mallon, J.), both rendered November 30, 1983, convicting him of burglary in the third degree under indictment No. 231/83, upon a jury verdict, and criminal possession of a controlled substance in the fourth degree, under indictment No. 1221/83, upon his plea of guilty, and imposing sentences. The appeals bring up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by the defendant to law enforcement officials.

Ordered that the judgments are affirmed.

The suppression court properly concluded that there was probable cause to arrest the defendant in connection with the burglary of a vending machine company. The defendant was arrested after detectives obtained a written statement from a private citizen who had heard the defendant discuss his role as the lookout during the burglary. Where probable cause for a warrantless arrest is based in part on hearsay information, the reliability of that information must be shown *(People v Johnson,* 66 NY2d 398, 402). However, a presumption of reliability applies to information provided by a disinterested citizen informant *(People v Hicks,* 38 NY2d 90, 94; *People v Cantre,* 95 AD2d 522, 526, *affd* 65 NY2d 790). No evidence was offered at the hearing to rebut that presumption. In addition, the informant's statement corroborated information provided by a police officer who had observed the defendant sitting in a parked car with a walkie-talkie and scanner in the vicinity of the vending machine company early on a Sunday morning of the weekend that it was burglarized. Viewed in conjunction, these facts were sufficient to find probable cause *(see, People v Bigelow,* 66 NY2d 417).

During the trial, evidence was elicited that the informant had been urged by the police to cooperate with their investigation because he faced possible charges of possession of stolen property and had been granted immunity from prosecution for such charges. The propriety of the suppression court's decision must be judged on the evidence before that court *(cf., People v*

*Gonzalez,* 55 NY2d 720, 721-722, *cert denied* 456 US 1010). Even if this information, which suggested that the informant was not a disinterested citizen, had been presented to the suppression court, there was nonetheless sufficient evidence to establish the reliability of his statements *(see, People v Johnson, supra).*

Viewing the evidence in the light most favorable to the People, as we must on appeal, we find that it was sufficient as a matter of law to support the defendant's conviction for burglary in the third degree *(see, People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932). Moreover, upon the exercise of our factual review power we are satisfied that the evidence established the defendant's guilt beyond a reasonable doubt and that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]). In addition to the testimony of the informant and of the police officers who had observed the defendant parked near the scene of the crime, police detectives testified that the defendant had admitted acting as a lookout during the burglary.

The defendant's contention that the sentences imposed are excessive is without merit. Weinstein, J. P., Rubin, Kunzeman and Kooper, JJ., concur.