■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLAIRE HATHAWAY, Appellant.—Weiss, J. Appeal from a judgment of the County Court of Ulster County (Vogt, J.), rendered January 13, 1989, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the second degree, criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the seventh degree (three counts), criminal possession of a weapon in the fourth degree (two counts) and criminally using drug paraphernalia in the second degree (two counts).

On February 18, 1988, a search warrant authorizing seizure of drugs, drug paraphernalia and firearms was issued and executed against the premises at 112 Linderman Avenue in the City of Kingston, Ulster County. The warrant was supported by an affidavit of Constance Colorundo, who rented the premises and who occupied the apartment with her daughter, defendant and David Rosenholm.[1] Entry was made with a "no-knock" warrant and the police identified themselves on approach to an upstairs bedroom occupied by defendant and

---

1. Rosenholm was tried as a codefendant.

Rosenholm. The first effort to enter was prevented, and when the door was eventually pushed open, defendant was observed backpeddling from the force of entry. A third person was found in the room. A triple-beam scale, box of baking soda, propane torch, mirror with white powder residue on it, syringe, sifter, spiral notebook, microseal, and glass beaker containing a glass tube with some "crack" cocaine in the bottom were in open view on the top of the dresser and were seized. An officer testified that the beaker was warm to the touch. A further search of the bedroom, including the dresser and a closet, resulted in the seizure of two handguns, a cocaine handbook, weekly reminder and various paraphernalia, including pipes, hypodermic needles, small gram scale, glassine envelopes, acetone and vials. Various substances seized were determined to constitute more than three ounces of cocaine, as well as small quantities of "crack", methadone, heroin and marihuana. Defendant was taken into custody and thereafter indicted, tried and convicted on all counts.

On her appeal, defendant first contends that the search warrant was defective in that the application for the warrant does not meet the *Aguilar-Spinelli* two-prong test referred to in *People v Griminger* (71 NY2d 635).[2] We disagree. Here a disclosed citizen informant provided an affidavit upon personal knowledge *(see, People v Bartolomeo,* 53 NY2d 225), unlike the situation in *People v Griminger (supra)* where the search warrant was based upon hearsay information from an undisclosed informant. Information provided by a disinterested citizen informant bears a presumption of reliability *(People v Cicciaro,* 133 AD2d 645). The nondisclosure to the Magistrate of motivating factors does not invalidate the supporting affidavit *(People v Cote,* 124 AD2d 1000, *lv denied* 69 NY2d 745). The basis of the citizen's information is supported by her residency in the subject apartment and was sufficiently detailed to permit the inference that the informant had personal observations of the matters described. Search warrant applications should not be read in a hypertechnical manner but rather read in the clear light of everyday experience and accorded all reasonable inferences *(People v Hanlon,* 36 NY2d 549, 559). There is no merit to defendant's argument that her

---

2. When a search warrant is issued upon an affidavit by a law enforcement officer who recites hearsay information relayed to him by an undisclosed informant, (1) the veracity or reliability of the informant must be demonstrated and (2) the basis of the informant's knowledge must be established *(Spinelli v United States,* 393 US 410; *Aguilar v Texas,* 378 US 108).

room was a separate residential unit distinct from the shared apartment as a whole.

Defendant next contends that County Court's charge to the jury was erroneous and prejudicial in three ways: (1) that the open-view possession presumption (Penal Law § 220.25 [2]) was not warranted because of the fact that only a small amount of drugs was on top of the dresser and the "supply bag" was not in open view, (2) that defendant was entitled to a favorable permissive inference in the missing witness charge resulting from the People's failure to call Colorundo, and (3) that as to circumstantial evidence, there was a failure to charge that "the facts from which the inference of defendant's guilt is drawn must be established with certainty—they must be inconsistent with [her] innocence and must exclude to a moral certainty every other reasonable hypothesis" *(People v Bearden,* 290 NY 478, 480; *accord, People v Barnes,* 50 NY2d 375, 380; *People v Cleague,* 22 NY2d 363, 365-366).

Initially, no exceptions were made to the open view and circumstantial evidence charges and, accordingly, these issues were not preserved for review on appeal *(see,* CPL 470.05; *People v Bossett,* 145 AD2d 639, *lv denied* 73 NY2d 1011). Moreover, the application of the moral certainty exclusion of other inferences arising from circumstantial evidence does not apply when the People's case relies upon both circumstantial and direct evidence *(People v Barnes,* 50 NY2d 375, 380, *supra; People v Walker,* 116 AD2d 948, 952, *lv denied* 67 NY2d 952). Nor does Penal Law § 220.25 require a large or a particular amount of a controlled substance to be in open view and County Court properly limited the charge to only the drugs in open view.

As to the missing witness charge, County Court refused defendant's request to charge that the jury could, if it deemed it proper, infer that had the missing witness been called and had she testified, that her testimony would have supported and corroborated the version set forth by the defense. This additional language is specifically provided by the pattern charge of the Criminal Jury Instructions (1 CJI[NY] 8.54, at 450-451) where the People fail to call a witness under their control and the defense or the defendant has testified on the relevant issue. In denying the exception County Court relied upon *People v Paylor* (70 NY2d 146). However, we note that in *Paylor* the *defendant's* failure to call a witness was at issue, and the relevant pattern charge (1 CJI[NY] 8.55, at 451-453) does not provide for a similar inference against a defendant.

The missing witness, Colorundo, was lessee of the apartment

and occupied the premises. She was an admitted drug addict and was enrolled in a methadone program. A limited amount of street drugs was found in her room. Colorundo's brother and family had previously occupied defendant's room prior to defendant's six weeks of occupancy and some of their personal possessions may have remained in defendant's room. Some of Colorundo's prescription methadone was found in a pocket of a sports jacket in the closet of defendant's room to which she retained a degree of access. Her affidavit was the basis of the search warrant which resulted in defendant's arrest. Two defense witnesses (both of whom were incarcerated with codefendant Rosenholm) testified that Colorundo had made some drug sales from the apartment. It is acknowledged, however, that she had not been in the apartment from early morning until after the raid that evening.

The failure to call Colorundo met the requirements for a missing witness charge (i.e., pending issues, a knowledgeable witness, under the People's control) on some issues. We find that while the best practice would have been to charge the pattern charge (see, People v Gonzalez, 68 NY2d 424; People v Valerius, 31 NY2d 51), County Court was not bound to use any specific language (People v Dory, 59 NY2d 121, 129). The charge given here was adequate to apprise the jury of the governing law.

Defendant next contends that the People's handwriting expert made an inadmissible statement during cross-examination. When asked if he was able to identify defendant's handwriting on only one out of 212 exemplars, he answered, "I can only definitely say she did one. *I have a feeling she did other ones* [emphasis supplied]." Defendant objected and County Court gave immediate curative instruction and on the next day gave a more detailed curative instruction. The court found that the remark had been gratuitously made but was not sufficiently prejudicial to warrant a mistrial. We find that the court properly instructed the jury, thereby eliminating any possible prejudicial effect of the statement.

We disagree with defendant's contention that the verdict is against the weight of the evidence and that the prosecutor did not carry his burden. "On an appeal from a verdict of guilty, the evidence must be viewed in a light most favorable to the People and it must be presumed that the jury credited the People's witnesses" (People v Lyng, 154 AD2d 787, 789; see, People v Malizia, 62 NY2d 755, 757, cert denied 469 US 932; People v Scallero, 122 AD2d 350). Our review of the record shows that the evidence overwhelmingly supports the finding

of guilt and provides no basis to believe that the jury failed to properly weigh the evidence *(see, People v Bleakley,* 69 NY2d 490).

Finally, defendant contends that the prosecutor's statements during summation were improper, prejudicial and tended to deflect the juror's attention away from their legitimate considerations. While several of the prosecutor's remarks might better have been left unsaid, they did not exceed the bounds of propriety *(see, People v Bessard,* 148 AD2d 49, *lv denied* 74 NY2d 845) and, when considered in full context *(see, People v La Forge,* 107 AD2d 896), neither substantially prejudiced defendant nor deprived her of a fair trial *(see, People v Roopchand,* 107 AD2d 35, *affd* 65 NY2d 837). The comment on the failure of the defense to offer certain evidence which could have been interpreted as shifting the People's burden was subjected to an immediate curative instruction sufficient to dissipate any possible prejudice.

Judgment affirmed. Casey, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.