(March 26, 1992)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID ROSENHOLM, Appellant.—Weiss, P. J. Appeal from a judgment of the County Court of Ulster County (Vogt, J.), rendered January 9, 1989, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the second degree, criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the seventh degree (three counts), criminal possession of a weapon in the fourth degree (two counts)

and criminally using drug paraphernalia in the second degree (two counts).

On February 18, 1988 defendant and his codefendant, Claire Hathaway, were arrested following the execution of a search warrant of an entire apartment which they occupied. Constance Colorundo and her daughter shared the apartment with defendant and Hathaway, and the search warrant was based upon Colorundo's affidavit describing the drug-related activities of defendant and Hathaway. The two of them were convicted upon a joint trial and the facts and circumstances pertinent in this case may be found in our decision in the appeal by Hathaway *(People v Hathaway,* 159 AD2d 748).

Defendant's first contention is that County Court erred concerning the missing witness charge given as a result of the prosecutor's failure to call Colorundo. This identical issue was raised in *People v Hathaway (supra,* at 750-751), and while the better course would have been to use the pattern jury charge (1 CJI[NY] 8.54, at 449-451; *see, People v Gonzalez,* 68 NY2d 424), County Court was not so bound and, just as we found in Hathaway's appeal, the charge given was adequate to apprise the jury of the law *(People v Hathaway, supra).* We disagree with defendant's argument that the recent decision by the Court of Appeals in *People v Vasquez* (76 NY2d 722) compels a different result. In *Vasquez,* unlike the instant case, the trial court denied the defendant's request for a missing witness charge.

Defendant also contends that the search warrant application violated the two prong *Aquilar-Spinelli* test *(see, People v Griminger,* 71 NY2d 635). However, as noted in *People v Hathaway (supra,* at 749), the warrant application was supported by an affidavit of Colorundo, a disclosed citizen informant, made upon her personal knowledge acquired during her residency in the subject apartment. Since a reasonable reading of Colorundo's supporting affidavit supports the issuance of the warrant, County Court properly denied defendant's suppression motion *(see, People v Hanlon,* 36 NY2d 549, 559).

Defendant further argues that because others had access to the bedroom which he shared with Hathaway, his control of the room was not exclusive. Defendant and Hathaway exercised joint control of the bedroom and, despite the fact that other persons in the apartment could access that room, their control was sufficient under the circumstances for the jury to conclude that defendant was guilty of joint constructive possession of the contraband found secreted therein *(see, People v*

*Torres,* 68 NY2d 677; *People v Robertson,* 61 AD2d 600, 606-607, *affd* 48 NY2d 993; *see also, People v Tejeda,* 140 AD2d 985, 986, *affd* 73 NY2d 958).

Defendant's remaining arguments have either been authoritatively addressed in *People v Hathaway (supra),* and upon which defendant adds no new perspective, or upon review have no merit.

Mikoll, Mercure, Crew III and Casey, JJ., concur. Ordered that the judgment is affirmed.