■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant-Respondent, v RUSTY DAVENPORT, Respondent-Appellant. [647 NYS2d 306] —Mercure, J. Cross appeals from an order of the County Court of Cortland County (Mullen, J.), entered July 14, 1995, which granted defendant's motion to suppress certain evidence.

In January 1995, two officers of the Cortland County Sheriff's Department applied for a search warrant, enabling them to search defendant and his residence and outbuildings located in the Town of Freetown, Cortland County. The application was granted by County Court and the warrant was executed on January 27, 1995, resulting in the seizure from defendant's premises of marihuana, various firearms including a pistol, seven rifles and six shotguns, and the utterance of oral admissions by defendant.

Defendant was thereafter charged with the crimes of criminal possession of marihuana in the second degree, unlicensed growing of cannabis and criminal possession of a weapon in the third and fourth degrees. Defense counsel moved to suppress the marihuana and firearms seized from defendant's residence as well as defendant's oral admissions. A suppression hearing was held before County Court, resulting in a determination that the search warrant was facially defective due to its failure "to particularly describe" defendant's residence by setting forth, *inter alia*, its street number or tax map number, the size, style and color of the residence or the nature thereof, i.e., whether it was a house, a trailer or an apartment. The description set forth on the warrant stated "Rusty D. Davenport and residence at Ingram Road, Town of Freetown, Cortland County, N. Y." County Court accordingly directed that the physical evidence seized from defendant's residence, as well as the oral

admissions made by defendant to police officers, be suppressed. Both sides appeal.

This Court has consistently held that an imprecise description of the premises to be searched appearing on the face of the warrant will not invalidate a search so long as the description enables the executing officers "with reasonable effort [to] ascertain and identify the place intended" (*Steele v United States No. 1*, 267 US 498, 503; *see, People v Lavin*, 220 AD2d 886, 887, *lv denied* 87 NY2d 904; *People v Fahrenkopf*, 191 AD2d 903). In addition, a warrant found to lack a sufficiently precise description of the premises in question may be validated by reference to a more precise description set forth in the search warrant applications and supporting documents (*see, People v Fahrenkopf, supra; People v Rosenholm*, 181 AD2d 943, 944).

In this case, the police officers' affidavits submitted in support of the warrant application set forth a detailed description of the property to be searched including its distance from the intersection of two named roads, its distinctive coloration and a description of the residence as a trailer. A review of these documents also discloses that the authors of the affidavits (who also conducted the search) were fully familiar with the location of the premises, having previously conducted surveillance there. We conclude that the search should not have been invalidated inasmuch as the description on the warrant was sufficient to enable the executing officers to identify the premises intended. Hence, the property seized and the admissions made by defendant should not have been suppressed.

We reject defendant's contention that the confidential informant's reliability was not satisfactorily established. Evidence of the informant's controlled purchases of marihuana from defendant satisfied the reliability prong of the *Aguilar-Spinelli* test (*see, People v Miner*, 126 AD2d 798, 799-800; *see also, People v Hollins*, 221 AD2d 863).

Mikoll, J. P., Peters, Spain and Carpinello, JJ., concur. Ordered that the order is reversed, on the law, and motion denied.