■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS J. COSTA, Appellant. [683 NYS2d 309] —Crew III, J. Appeal from a judgment of the County Court of Ulster County (Bruhn, J.), rendered July 18, 1996, upon a verdict convicting defendant of the crime of murder in the second degree.

Defendant, charged with murder in the second degree, presented psychiatric evidence that he had acted under an extreme emotional disturbance at the time of the underlying killing. The jury rejected the defense and found defendant guilty of murder in the second degree for which he was sentenced to an indeterminate term of imprisonment of 25 years to life. Defendant now appeals.

We affirm. As to defendant's assertion that the jury's verdict was against the weight of the evidence, we have only to note that the jury, which was faced with the competing psychiatric testimony offered by the People and defendant's respective witnesses, was free to credit the opinion expressed by the People's expert and reject that of defendant's expert (*see, People v Gabriel*, 241 AD2d 835, 836-837, *lv denied* 91 NY2d 892), and our review of the record reveals no basis for our disturbing the jury's determination in this regard. We similarly reject defendant's assertion that County Court erred in its instruction to the jury regarding his burden of proof with respect to the affirmative defense of extreme emotional disturbance. At the root of defendant's objection is County Court's refusal to use the specific language requested by defendant which, of course, County Court was not bound to do (*see, People v Dory*, 59 NY2d 121, 129). Indeed, County Court used language almost identical to that contained in the Criminal Pattern Jury Instructions, a practice recommended by the appellate courts (*see, e.g., People v Hathaway*, 159 AD2d 748, 751), and we are satisfied that the charge adequately apprised the jury of the applicable law. We have considered defendant's remaining contention and find it equally without merit.

Mikoll, J. P., Yesawich Jr., Spain and Graffeo, JJ., concur. Ordered that the judgment is affirmed.