■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT J. MINK, JR., Appellant. [725 NYS2d 735] —Cardona, P. J.

Appeal from a judgment of the County Court of Columbia County (Leaman, J.), rendered July 17, 2000, upon a verdict convicting defendant of the crime of sexual abuse in the third degree.

When this case was previously before us, we reversed defendant's conviction for sexual abuse in the first degree* and remitted the matter for a new trial (267 AD2d 501, *lv denied* 94 NY2d 950). Following the retrial, defendant was convicted of the lesser included offense of sexual abuse in the third degree.

On this appeal, defendant contends that he was denied a fair trial because County Court failed to give adequate jury instructions concerning the admission of evidence of uncharged crimes or bad acts. The Court of Appeals has set forth the general rule concerning such proof by indicating: "that evidence of uncharged crimes is not admissible because it is feared that the jury may convict the defendant not of the crime charged, but rather because of his predisposition to criminal conduct * * *. However, when the evidence of the other crimes is relevant to an issue other than the defendant's criminal tendency, it may be admitted on the basis of an exception to the general rule, but only for the limited purpose for which it is relevant" (*People v Beam*, 57 NY2d 241, 250 [citations omitted]). Although there is no dispute in reference to the admissibility of such evidence in the instant case, the controversy arises as to whether County Court fulfilled its responsibility to caution the jury concerning the limited purpose of this evidence in its deliberation of defendant's guilt or innocence of the crime charged (*see, People v Williams*, 50 NY2d 996, 998). To determine the adequacy of the court's instructions, they must be read as a whole against the background of the evidence produced at this retrial (*see, People v Andujas*, 79 NY2d 113, 118). Therefore, we now review the pertinent evidence.

Following a night of drinking, defendant invited five friends, including the victim, back to his family's restaurant, which was closed at the time, for drinks and breakfast. After someone lit a cigar, one couple left the bar area and moved to the dining room. The cigar smoker and another person went outside to the patio, leaving defendant and the victim alone. According to the victim, defendant made a comment about the color of her hair and came around the bar near her stating that "there's only one way to find out what color your hair is." The victim

---

* Defendant was initially charged with three counts of sexual abuse in the first degree. At the close of the previous trial, he was convicted on the first count and acquitted on the second and third counts.

tried to move into the dining room but defendant pushed her backwards through a swinging door into a narrow hallway leading into the kitchen. There, the victim testified, defendant ripped her jeans open and forced his hands into her pants, causing an abrasion on her vagina. Defendant pushed the victim further into the kitchen and up against a counter while engaging in additional acts of sexual contact. He released her when the couple from the dining room intervened.

At the conclusion of the proof, defense counsel requested County Court to instruct the jury as provided by the pattern charge of the Criminal Jury Instructions (1 CJI[NY] 12.20, at 708-709). Specifically, he requested that the admission of evidence of defendant's commission of other uncharged crimes or bad acts, namely, the forcible insertion of his finger into the victim's vagina and forcing her to touch his penis with her hands, was not proof of his propensity or disposition to commit the crime charged and should not be considered for that purpose. Without explanation, County Court refused to charge that specific language and, instead, instructed the jury as follows:

"During the course of the trial there was additional testimony of further contact as testified to between the defendant on the one hand and [the victim] on the other, within the actual kitchen proper, if you will, and that evidence was received because it was part of the alleged and asserted unfolding interaction, if you will, between the accused on the one hand and [the victim] on the other.

"But I point out to you and instruct you that the precise specific conduct that defendant is on trial for and that your verdict will pertain to is that alleged conduct, rather, of the defendant as has been testified to and asserted and is alleged, placing his hands against the vagina of [the victim] while the two were in the hallway within the kitchen area of the Val-Kin restaurant."

Neither the prosecutor nor defense counsel excepted to the charge as given. County Court thereafter asked the attorneys if they had any additional requests to charge. In response, the prosecutor indicated that she wanted an instruction to the effect that evidence of defendant's other bad acts or uncharged crimes, in particular, defendant's alleged masturbation in front of the victim, could be used by the jury for, *inter alia*, the purpose of establishing the sexual contact element of the crime charged, namely, that defendant's forcible touching of the victim's vagina was for his sexual gratification (*see*, Penal Law § 130.00 [3]). Defense counsel did not challenge the prosecutor's

position in that regard, but repeated his request that the court instruct that such evidence was not received for the purpose of showing propensity or disposition toward the crime charged.

County Court indicated that it would be more specific and gave additional instructions. However, it did not charge the propensity or limited use language requested by defense counsel. As a result, defense counsel once again asked the court to instruct the jury, "that those additional acts are no proof whatsoever that [defendant] had a propensity or disposition to commit the crime charged in this indictment or any other crime. And it's not offered for that and can't be used for that purpose." County Court gave further instructions to the jury, repeating three times that, in effect, it could give the evidence of defendant's other crimes or bad acts any weight that it deemed appropriate in its deliberation regarding the particular conduct charged in the indictment as it related to the issues of intent or forcible compulsion. The court also indicated that the evidence of the other crimes "[could not] be used by the jury to conclude that if he, the defendant, did some instances of misconduct that shows a propensity to do other instances of conduct."

Although County Court's instructions to the jury concerning its consideration of evidence of other crimes were lengthy and complex, we note that it was not bound to use the specific language requested by defendant (*see, People v Dory,* 59 NY2d 121, 129). Nevertheless, the better practice herein would have been to give the pattern charge (*see, People v Costa,* 256 AD2d 809, *lv denied* 93 NY2d 872; *People v Hathaway,* 159 AD2d 748). In any event, when viewed as a whole, we cannot say that the court's instructions failed to correctly apprise the jury of the applicable standards (*see, People v Jackson,* 282 AD2d 830, 831; *People v Gutkaiss,* 206 AD2d 628, 631, *lv denied* 84 NY2d 936).

We have considered defendant's remaining contentions and find that they lack merit.

Mercure, Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, and matter remitted to the County Court of Columbia County for further proceedings pursuant to CPL 460.50 (5).