■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILSON QUINONES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Douglass, J.), rendered February 21, 1986, convicting him of criminal sale of a controlled substance in the first degree (three counts), criminal sale of a controlled substance in the second degree, criminal possession of a controlled substance in the first degree, criminal possession of a controlled substance in the second degree (two counts), criminal possession of a controlled substance in the third degree (five counts), and conspiracy in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Alfano, J.), after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence seized pursuant to a search warrant.

Ordered that the judgment is affirmed.

The defendant moved to suppress certain evidence which was seized from his house pursuant to a search warrant on the ground that the warrant affidavit contained false statements. The defendant had the burden of proving by a preponderance of the evidence that false statements "knowingly and intentionally, or with reckless disregard for the truth" were included in the affidavit and further, that without such statements the remaining allegations in the affidavit were insufficient to establish probable cause. However, the hearing court heard testimony and resolved the issue against the defendant based on its assessment of the relative credibility of the

witnesses presented and there is no basis for disturbing the determination *(see, People v Prochilo,* 41 NY2d 759, 761).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of the crimes charged beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

We have reviewed the defendant's other contentions, including his claim that the sentence imposed was excessive, and find them to be without merit. Thompson, J. P., Lawrence, Spatt and Harwood, JJ., concur.