■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUCIANO RODRIGUEZ, Appellant.—Appeal by the defendant from two amended judgments of the County Court, Suffolk County (Namm, J.), both rendered September 2, 1987, revoking sentences of probation previously imposed by the same court upon a finding that the defendant had violated a condition thereof, upon his pleas of guilty, and imposing sentences of imprisonment upon his previous convictions of attempted burglary in the second degree under indictment No. 1667/85 and attempted robbery in the second degree under indictment No. 1965/85.

Ordered that the amended judgments are affirmed.

Concurrent sentences of five years' probation were initially imposed following the defendant's pleas of guilty to attempted burglary in the second degree and attempted robbery in the second degree. He was arrested approximately four months later and charged, *inter alia,* with disorderly conduct and criminal mischief. He eventually pleaded guilty to the latter charges and was sentenced to a term of imprisonment equal to the time already served. The defendant, at this juncture, was not charged with having violated the terms of probation. However, on or about May 12, 1987, the defendant was again arrested and charged with criminal possession of a forged instrument and possession of burglar's tools. A declaration of delinquency was filed against him on June 17, 1987. The defendant ultimately pleaded guilty to the violation of probation charges and was sentenced, as promised, to concurrent indeterminate terms of 1 to 3 years' imprisonment.

Contrary to the defendant's contentions, the Department of Probation did not waive its authority to charge him with violation of probation by refraining from taking immediate steps upon becoming aware of his delinquency in complying with the conditions of probation *(see, People v Cherry,* 143 AD2d 1028). The Supreme Court's revocation of the defendant's probation, approximately 3½ years prior to the expiration of the probationary term, was, in all respects, proper *(see,* Penal Law § 65.00 [2]; *People v Donlon,* 117 Misc 2d 512).

Additionally, the defendant's challenge to the propriety of

the amended sentences is without merit. Mangano, J. P., Kunzeman, Rubin, Eiber and Balletta, JJ., concur.