■ The People of the State of New York, Respondent, v William B. Corley, Appellant.—Judgment of resentence, Supreme Court, New York County (Norman Ryp, J., at trial and sentence and resentence; Brenda Soloff, J., at second and third resentences), rendered October 12, 1990, convicting defendant, after a jury trial, of criminal possession of a forged instrument in the second degree, and sentencing him, upon a finding of violation of probation, to a term of 1-⅓ to 4 years' imprisonment, unanimously affirmed.

The trial court properly concluded that it had jurisdiction to impose a prison sentence. Under Penal Law § 65.00 (2), a court must act to adjudicate a violation of probation prior to the expiration or termination of the probation period. Here, the relevant resentence of five years' probation commenced on December 18, 1987. The trial court's October 1990 adjudication of the probation violation was therefore within the period of the sentence of probation *(see, People v Rodriguez,* 156 AD2d 491). The original five-year sentence of probation imposed on January 12, 1984 was set aside under CPL 440.20 (1) as unauthorized and illegal as it consisted of a "split" sentence of one year of weekend imprisonment and a consecutive five-year probation period. In any event, there was little or no compliance with the original sentence.

Under the circumstances of this case, the trial court's imposition of a prison term of 1-⅓ to 4 years did not constitute an abuse of discretion *(see, People v Junco,* 43 AD2d 266, 268, *affd* 35 NY2d 419, *cert denied* 421 US 951). Concur—Carro, J. P., Rosenberger, Kupferman, Kassal and Smith, JJ.