THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

ANGEL VILLALBA, Appellant. [618 NYS2d 40] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Juviler, J.), rendered February 6, 1992, convicting him of criminal possession of a controlled substance in the first degree and criminal possession of a weapon in the fourth degree (three counts), upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and his statement to law enforcement officials.

Ordered that the judgment is affirmed.

The hearing court's determination on issues of credibility should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). We find no reason to disturb the court's finding that Detective Robert Parker was a credible witness.

The hearing court properly found that the defendant's assault of Detective Parker was a calculated, independent act which had not been provoked by the detective's unlawful conduct in stepping over the threshold of the defendant's apartment. Consequently, the defendant's actions dissipated the taint of any prior illegal conduct (see, People ex rel. Gonzalez v Warden, 79 NY2d 892; People v Townes, 41 NY2d 97; People v Wider, 172 AD2d 573).

There is ample support in the record for the court's findings that the struggle and the defendant's arrest culminated over the threshold of the apartment and that the police then lawfully conducted a "protective sweep" search and discovered weapons and drugs in plain view (see, Maryland v Buie, 494 US 325). The determination of the Supreme Court, which had the advantage of seeing and hearing the witnesses, should therefore not be set aside (see, People v London, 160 AD2d 734).

The search warrant subsequently obtained was valid. Deleting the detective's false statement (see, People v Tambe, 71 NY2d 492), the affidavit submitted in support of the warrant application contained sufficient facts to establish probable cause.

We have examined the defendant's remaining contentions and find them to be without merit. Sullivan, J. P., Rosenblatt, Pizzuto and Altman, JJ., concur.