■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARY LAVIN, Appellant. [632 NYS2d 338] —Cardona, P. J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered July 27, 1993, convicting defendant upon her plea of guilty of the crime of criminal possession of a controlled substance in the third degree.

The police searched defendant's apartment twice pursuant to search warrants issued on September 16, 1992 and September 22, 1992, respectively. In the course of the searches, the police found, *inter alia*, eight bags of cocaine, one bag of marihuana, 10 syringes and $203 in cash.

Defendant was charged in two separate indictments with two counts of criminal possession of a controlled substance in the third degree, one count of criminal possession of a hypodermic instrument and one count of criminally using drug paraphernalia in the second degree. At the suppression hear-

ing, County Court ruled that the physical evidence seized as a result of the execution of the search warrants was admissible at trial. Defendant thereafter pleaded guilty to one count of criminal possession of a controlled substance in the third degree in full satisfaction of both indictments.

On appeal, defendant first contends that her conviction should be reversed on the ground that the two search warrants were invalid because of their failure to describe the searched premises with sufficient particularity. Defendant's apartment was described in both search warrants as "24 Centenary St., 1st floor, rear apartment". Defendant claims that this description was too vague because it did not mention that the premises to be searched was apartment No. 2. According to defendant, the description of her residence could have been misinterpreted as referring to apartment No. 1 in the same building which had only one entrance located in the rear of the building whereas defendant's apartment was only accessible through the building's front door.

We find this argument unavailing. A warrant's description of the premises to be searched will be held sufficient if it "is so worded that the officer executing the warrant could with reasonable effort ascertain and identify the place intended to be searched" (*People v Earl*, 138 AD2d 839, 841-842, *lv denied* 71 NY2d 1026). The record herein discloses that defendant's apartment is readily visible at the end of the first-floor hall to anyone entering the main front door. While it is possible to go around to the rear of the building where there is a door to another apartment, this would be a most unlikely way for someone unfamiliar with the building, such as the police, to approach it. Taken from the standpoint of common sense and noting that hypertechnical accuracy and completeness of description need not be attained (*People v Nieves*, 36 NY2d 396, 401) and when treated in a realistic manner (*see, People v Davis*, 93 AD2d 970), we conclude that the depiction of the premises in the warrants in this case was sufficiently specific to identify the place authorized to be searched (*see, People v Tramell*, 152 AD2d 989).

We also reject defendant's contention that the physical evidence seized from her apartment should have been suppressed because of alleged misstatements of fact made by a confidential informant and the police officer who applied for the warrants. For evidence to be held inadmissible on this ground, a defendant must show by a preponderance of the evidence that the false statements were made " 'knowingly and intentionally, or with reckless disregard for the truth' " (*People v Quinones*, 139

AD2d 724, *lv denied* 72 NY2d 923) and that without such misstatements, the remaining allegations would have been insufficient to establish probable cause (*see, People v Villalba*, 208 AD2d 782, *lv denied* 85 NY2d 915).

We find that the alleged misstatements relate to minor discrepancies in the physical description of defendant and to a statement made in the application for the second warrant that there had been no prior applications for a search warrant based upon the same facts. Even accepting that the statements were inaccurate, they cannot be characterized as the product of a knowing, intentional or reckless disregard for the truth, nor would their omission from the search warrant applications result in a finding of no probable cause (*see, People v Tambe*, 71 NY2d 492).

Mercure, White, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed.

