■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALLEN R. GRIFFIN, Appellant. [651 NYS2d 645] —Cardona, P. J. Appeal from a judgment of the Supreme Court (Sheridan, J.), rendered September 29, 1995 in Ulster County, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the second degree.

In the early morning hours of October 28, 1994, State Troopers Jamie Pagan and Bruce Fuhrbeck responded to a call at a residence in the Town of Plattekill, Ulster County. The Troopers were met at the door by Melanie St. John, who informed them that she and defendant had been involved in a domestic dispute and that when she tried to call the police he slammed the phone on her hands. Observing that her knuckles and fingers were black and blue, Pagan asked St. John if she wanted defendant to be arrested. Before she could answer, defendant stated, "Melanie, you don't want to do this." St. John responded, "Shut up, Ray, or I'm going to tell him what's in the safe." At Pagan's request, Trooper Perry Sarles, who had also responded to the call, took St. John into another room to take a written complaint. St. John told Sarles that there was cocaine in the safe. Pagan asked defendant if there was anything illegal in the safe. Defendant said no. Pagan then asked defendant if he would mind opening it. Defendant told Pagan that he would need a search warrant.

When Sarles advised Pagan that he had a signed complaint charging assault in the third degree, Pagan informed defendant that he was being placed under arrest. Defendant requested permission to get a shirt and shoes. Pagan assented. He and Sarles followed defendant into the bedroom where defendant turned on the light, picked up his clothes, turned off the light and quickly ushered them out of the room. During that interval, which lasted less than a minute, Pagan observed a plate glass and some razors with what appeared to be a cocaine residue, a few plastic glassine envelopes, a strainer and a scale, all located on top of a night table-sized dresser. After defendant put on his shirt and his shoes, Pagan conducted a pat down for weapons and discovered a tightly rolled one dollar bill in his pocket which appeared to have a cocaine residue. Defendant was taken into custody.

Pagan applied for and obtained a search warrant from a Town Justice. A search of the premises revealed, *inter alia*, more than two ounces of cocaine in the safe. Defendant was subsequently indicted for the crimes of criminal possession of a controlled substance in the second degree, eavesdropping, possession of an eavesdropping device, criminal possession of marihuana in the fourth degree, criminal possession of a weapon in the fourth degree and criminal possession of a controlled substance in the seventh degree. Following a suppression hearing, County Court denied defendant's motion to suppress the evidence seized pursuant to the warrant. Defendant pleaded guilty to criminal possession of a controlled substance

in the second degree in full satisfaction of the charges and was sentenced to a prison term of three years to life. Defendant appeals.

Defendant argues that his motion to suppress evidence seized at his residence should have been granted as the warrant was based upon an application containing false statements by Pagan or statements made by him with reckless disregard for the truth. It is settled law that "[w]here an affidavit submitted on a warrant application contains a false statement which was made knowingly or with reckless disregard for the truth and which is necessary to the finding of probable cause, the warrant will be voided and the fruits of the search suppressed if the remainder of the affidavit is insufficient to establish probable cause" (*People v Ronning*, 137 AD2d 43, 46, *lv denied* 72 NY2d 866; *see, Franks v Delaware*, 438 US 154, 155-156; *People v Cotroneo*, 199 AD2d 670, *lv denied* 83 NY2d 851). The burden of proving that Pagan's statements were knowingly false or made in reckless disregard of the truth falls upon defendant (*see, Franks v Delaware, supra*, at 171; *People v Tambe*, 71 NY2d 492, 504).

In the search warrant application, Pagan stated that he observed a plastic baggie containing a white powdery substance believed to be cocaine and a flat piece of glass with a white powdery substance. He also stated, "While at the residence Melanie St. John stated to deponent that strangers come to the house to see [defendant]. They enter the house and [defendant] leads them into the bedromm [*sic*] where they give him money and then he goes into the safe (which is located in side of the closet in the bedroom center of the door) and in turn gives them something back."

While these statements appear to deviate from the facts revealed at the suppression hearing, defendant did not establish that they were perjurious or made with reckless disregard for the truth. Defendant made no inquiry of Pagan as to their truth or falsity, nor did he inquire into Pagan's state of mind at the time the application was prepared. While St. John denied that she told the Troopers that there was cocaine in the safe or that there were strangers coming to the house, she admitted that she had been drinking that night and was exhausted, and had occasionally experienced blackouts from her drinking. County Court declined to credit St. John's testimony, a determination which, supported by the record, is entitled to great weight (*see, People v Lesiuk*, 81 NY2d 485, 490; *People v Prochilo*, 41 NY2d 759, 761; *Matter of Swift v Swift*, 162 AD2d 784, 785). Accordingly, the suppression motion was properly denied.

We have considered defendant's remaining contentions and find that they lack merit.

Mercure, White, Casey and Spain, JJ., concur. Ordered that the judgment is affirmed.