■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES N. MYERS, Appellant. [660 NYS2d 456] —Spain, J. Appeals (1) from a judgment of the County Court of Rensselaer County (McGrath, J.), rendered January 18, 1995, which revoked defendant's probation and imposed a sentence of imprisonment, and (2) by permission, from an order of said court, entered September 11, 1996, which denied defendant's motion pursuant to CPL 440.20 to set aside the sentence, without a hearing.

In March 1990 defendant pleaded guilty in County Court (Dwyer, Jr., J.), to the crime of assault in the second degree and in May 1990 he was sentenced to a term of six months' imprisonment and five years' probation. In July 1994 the Rensselaer County Probation Department (hereinafter Department) filed a violation petition alleging that defendant violated his probation by virtue of a conviction in another county for assault in the third degree. However, in September 1994 County Court (McGrath, J.) dismissed the petition but advised defendant, on the record, that he would remain on probation.

---

In a deposition supporting an application for a search warrant, City of Troy Police Officer Joseph West states that he and another police officer observed defendant carrying a large bag of marihuana into his residence in the City of Troy, Rensselaer County, on September 27, 1994. Within a few hours West obtained a search warrant and proceeded to defendant's residence where police discovered, *inter alia*, a loaded rifle, a semiautomatic pistol, a hypodermic syringe, $2,547 in cash, 25 rings and 14 gold chains; notably, no marihuana was found. Defendant was arrested and charged with numerous crimes relating to the items seized; thereafter, the Department filed another violation petition alleging that defendant violated the terms and conditions of his probation. Following a suppression hearing County Court, fully crediting West's testimony, denied defendant's motion to suppress the evidence seized through the search warrant for lack of probable cause. At the conclusion of the ensuing probation violation hearing, defendant was found to have violated the terms of his probation which were part of his May 1990 sentence; County Court revoked his probation and sentenced him to an indeterminate term of imprisonment of 2⅓ to 7 years. Thereafter, County Court denied, without a hearing, defendant's subsequent motion pursuant to CPL 440.20 to set aside the sentence. Defendant appeals from (1) the judgment revoking his probation and imposing a sentence of imprisonment, and (2) the order denying his motion to set aside the sentence.

We affirm. We reject defendant's contention that evidence seized pursuant to the search warrant should have been suppressed because the facts set forth in the application for the search warrant were false and unreliable. In order to justify the exclusion of evidence on the ground that a search warrant application contains false statements, "a defendant must show by a preponderance of the evidence that the false statements were made 'knowingly and intentionally, or with reckless disregard for the truth' * * * and that without such misstatements, the remaining allegations would have been insufficient to establish probable cause" (*People v Lavin*, 220 AD2d 886, 887-888, *lv denied* 87 NY2d 904, quoting *People v Quinones*, 139 AD2d 774, *lv denied* 72 NY2d 923). Furthermore, a suppression court's resolution of credibility issues is entitled to great weight on appeal (*see, People v Griffin*, 234 AD2d 718, 720; *People v Gagliardi*, 232 AD2d 879, 880-881). Here, the statements in West's supporting deposition were based on his personal observations and are consistent with his testimony at the suppression hearing.

We also reject defendant's contention that County Court

erred in failing to grant his motion to suppress upon discrepancies between the application, the warrant, the incident report and West's testimony. Upon our review of the record we conclude that any alleged discrepancies remaining after West's testimony was completed are minor and will be disregarded. Minor discrepancies or misstatements do not amount to egregious inaccuracies affecting a probable cause determination (*see, People v Lavin, supra,* at 888). Here, although the record reveals a time discrepancy which was resolved after questions by the court, defendant failed to prove that the witnesses' testimony was so inaccurate as to warrant the conclusion that the applicant acted knowingly or in reckless disregard of the truth (*see, People v Tambe,* 71 NY2d 492). Moreover, we find no basis to disturb County Court's determination with respect to credibility issues (*see, People v Griffin, supra,* at 720).

Next, we reject defendant's contention that County Court erred in denying his CPL 440.20 motion without a hearing. In reviewing a trial court's denial of a postconviction motion to set aside a sentence pursuant to CPL 440.20, this Court must determine whether the sentence was "unauthorized, illegally imposed or otherwise invalid as a matter of law" (CPL 440.20 [1]; *see, People v Nazarian,* 150 AD2d 923, *lv denied* 74 NY2d 744). While a sentence imposed for the violation of probation should be set aside as illegal if the individual was not subject to enforceable probation terms (*see generally, People v Corley,* 182 AD2d 537, *lv denied* 80 NY2d 902), summary denial of a motion to set aside a sentence on those grounds is warranted where the factual allegations of illegality are made solely by the defendant and unsupported by any other affidavit or evidence (*see,* CPL 440.30 [4]).

Here, defendant's contention that he was not on probation when the October 1994 violation petition was filed is not supported in the record, which shows that he was sentenced to five years' probation in May 1990. Significantly, at the September 1994 hearing, after County Court dismissed the previous violation petition, defendant was specifically reminded that his probation sentence was still in effect. The record is devoid of any proof indicating that a termination of defendant's probation occurred at any time prior to January 18, 1995 when it was revoked by County Court in conjunction with defendant being sentenced to prison.

We have reviewed defendant's remaining contentions and find them lacking in merit.

White, J. P., Casey, Peters and Carpinello, JJ., concur. Ordered that the judgment and order are affirmed.