■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN K. WALKER, Appellant. [665 NYS2d 720] —White, J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered September 26, 1996, convicting defendant upon his plea of guilty of the crimes of criminal possession of a controlled substance in the second degree, criminal possession of a controlled substance in the third degree and criminal possession of marihuana in the fifth degree.

On July 4, 1995, State Police Investigator Robert Delgiorno received information from a confidential informant that on July 6, 1995 defendant would be returning to the City of Binghamton, Broome County, from New York City where he had purchased illegal drugs. The informant further advised Delgiorno that defendant would be driving a white 1995 Dodge Intrepid automobile bearing license plate number B504FP. Acting on this information, the police set up surveillance on the two major highways in the Binghamton area. Around 6:00 P.M., State Trooper Terry Ginyard spotted defendant driving north on Interstate Route 81 in a car matching the aforesaid description and shortly thereafter stopped him. Defendant was unable to produce his driver's license and was evasive regarding the identity of the person who rented the Dodge Intrepid. Although defendant initially consented to a search of the vehicle, when asked to sign a written consent form he refused. He was then transported to the State Police barracks at Binghamton where he remained while the police obtained a search warrant authorizing a search of the vehicle. When the warrant was executed, the police discovered cocaine and marihuana in the vehicle's back seat and trunk. Defendant was then arrested and later indicted on various drugs charges. Following the denial of his suppression motion, he entered a guilty plea to all three counts of the indictment. He now appeals.

We affirm. Defendant's initial argument is that the search warrant was not supported by probable cause under the *Aguilar-Spinelli* test (*see, Spinelli v United States*, 393 US 410; *Aguilar v Texas*, 378 US 108). The record discloses that on the application for the warrant the police produced the confidential informant whose sworn testimony was recorded by the Magistrate. Under these circumstances, where the information that served as the predicate for the warrant came from the confidential informant's sworn statement, rather than from hearsay information relayed by a police officer, the *Aguilar-Spinelli* test is inapplicable (*see, People v Doyle*, 222 AD2d 875, *lv denied* 88 NY2d 878; *People v Hawley*, 192 AD2d 742, 743, *lv denied* 82 NY2d 896; *People v Deliz*, 172 AD2d 877, 878, *lv denied* 78 NY2d 921). We further find that in assessing defendant's motion, County Court satisfied the review procedure that is articulated in *People v Castillo* (80 NY2d 578, 585, *cert denied* 507 US 1033).

While we agree with defendant that his detention by police amounted to a seizure under the US Constitution 4th Amendment, it was lawful since, as found by County Court, the confidential informant's information provided the police with probable cause (*see, Dunaway v New York*, 442 US 200; *People v Taylor*, 223 AD2d 933, 934-935, *lv denied* 88 NY2d 854). Lastly, the application for the warrant contained an error in that it mistakenly stated that defendant was "currently under arrest for operating a motor vehicle while his driving privileges are suspended in New York". This misstatement does not vitiate the warrant inasmuch as defendant did not prove that it was made knowingly and intentionally or with reckless disregard for the truth. Further, there was no showing that, without the misstatement, the remaining allegations would have been insufficient to establish probable cause (*see, People v Myers*, 241 AD2d 705; *People v Lavin*, 220 AD2d 886, 887-888, *lv denied* 87 NY2d 904).

Crew III, J. P., Casey, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed.