■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK B. MILLER, Appellant. [939 NYS2d 186]—

Lahtinen, J.P. Appeal from a judgment of the County Court of Fulton County (Hoye, J.), rendered September 18, 2009, upon a verdict convicting defendant of the crimes of robbery in the second degree, criminal possession of a weapon in the third degree and menacing in the second degree.

On the evening of October 16, 2008, a Hess Express store in the Town of Perth, Fulton County was robbed of $871.33 by a white male wearing a multicolored mask and wielding a handgun. The ensuing investigation, which included executing a search warrant on November 20, 2008 at premises occupied by defendant, eventually resulted in defendant being indicted on December 22, 2008 for alleged crimes arising from the October 16, 2008 incident. Following a trial, he was convicted by a jury of robbery in the second degree, criminal possession of a weapon in the third degree and menacing in the second degree. He was sentenced to concurrent prison terms, the longest of which was 12 years with five years of postrelease supervision. Defendant appeals.

We consider first defendant's contention that the verdict was against the weight of the evidence. Since a different verdict would not have been unreasonable, we "must, like the trier of

fact below, weigh the relative probative force of conflicting testimony, and the relative strength of conflicting inferences that may be drawn from the testimony" (*People v Romero*, 7 NY3d 633, 643 [2006] [internal quotation marks and citations omitted]). The primary issue was one of identity, i.e., whether defendant was the masked person who committed the crimes. From photographs produced by the store's surveillance camera, defendant's former girlfriend identified defendant as the perpetrator by his physique, hair and hairline. She also recognized the clothes he was wearing, the mask and the handgun. The search of defendant's premises had resulted in the seizure of clothes that matched those worn by the perpetrator as well as a silver handgun with an orange tip, which was consistent with the description given by the victim of the weapon used in the crime. Defendant was also identified from the surveillance photographs as the masked perpetrator by two others who knew him and had recently interacted with him. A police officer who had past dealings with defendant went to his home a few days after the robbery on an unrelated matter and, when he subsequently viewed photographs from the robbery circulated to law enforcement, he recognized defendant as the masked perpetrator. An assistant manager at the Hess store, who had known defendant in high school and had worked with him some during the short time that he had been employed at the Hess store about six months before the robbery, recognized defendant when looking at a photograph from the incident. Viewing the evidence in the record in a neutral light while according deference to the jury's credibility determinations (*see People v Bleakley*, 69 NY2d 490, 495 [1987]), we find that the verdict was fully supported by the weight of the evidence.

Defendant argues that the search warrant application was not supported by probable cause because the information in the application was stale. We are unpersuaded. "The question of whether information is stale for the purpose of establishing probable cause cannot be resolved merely by counting the number of days between the events giving rise to the information and the issuance of the warrant. Information may be acted upon as long as the practicalities dictate that probable cause existent in the past may continue [which] depends largely upon the property's nature" (*People v Walker*, 285 AD2d 660, 661-662 [2001], *lv denied* 97 NY2d 659 [2001], *cert denied* 535 US 1064 [2002] [internal quotation marks and citations omitted]; *accord People v Church*, 31 AD3d 892, 894 [2006], *lv denied* 7 NY3d 866 [2006]; *People v Teribury*, 91 AD2d 815, 816 [1982]). Here, the crime occurred on October 16, 2008. The officer who was called by defendant to defendant's premises for an unrelated

incident went there on October 19, 2008 and he observed guns and a sophisticated security system. Several days later, that officer identified defendant from surveillance photographs of the crime that were circulated to law enforcement. The search warrant application was made on November 18, 2008, and the search occurred two days later. Under the circumstances, it was not unreasonable to find that, about a month after the crime, defendant would still be hiding the handgun used in the crime, as well as other identifying objects such as clothes worn during the crime, at his home, which was protected by a security system (*see People v Walker*, 285 AD2d at 662; Kamins, New York Search & Seizure § 4.02 [3] [c]).

County Court did not err in determining that the identification of defendant by the assistant manager was not the result of unduly suggestive conduct by police. "Where a witness is sufficiently familiar with the defendant such that there is little or no risk that police suggestion may have led to misidentification, the identification is merely confirmatory and the requirements of CPL 710.30 do not apply" (*People v Boland*, 89 AD3d 1144, 1145 [2011]; *see People v Rodriguez*, 79 NY2d 445, 450 [1992]). Here, the assistant manager testified at a *Rodriguez* hearing that she had known defendant in high school, she recognized him as a regular customer in the Hess store and she remembered him as working in the same Hess store approximately six months before the robbery. Moreover, although she did not immediately recognize the perpetrator when the police first showed her a photograph of him from the surveillance camera, she stated that when she went home and looked at photographs from the surveillance camera available on a local newspaper's Web site, she recognized defendant at that time as the masked perpetrator. She then contacted authorities and indicated that defendant was the masked person in the surveillance photograph, whereupon police brought an unmasked photograph of defendant for her to view. Since she sufficiently knew defendant and identified him as the perpetrator from a photograph with him masked and before police had presented her with an unmasked photograph (or otherwise indicated to her that he was a suspect), her identification of defendant was not the result of unduly suggestive conduct by police (*see People v Carter*, 57 AD3d 1017, 1017-1018 [2008], *lv denied* 12 NY3d 781 [2009]; *see also People v Clark*, 85 NY2d 886, 888 [1995]; *People v McCarter*, 179 AD2d 780, 781 [1992], *lv denied* 79 NY2d 950 [1992]).

Defendant asserts that County Court should have given the jury an adverse inference instruction based on the destruction

by the Fulton County Sheriff's Office of the tape of the victim's 911 call. The tape was destroyed pursuant to routine policy after 60 days. Defendant was not indicted until more than 60 days after the date of the crime. Since there is no indication that the tape was destroyed in bad faith or that defendant was prejudiced by its unavailability, we find that County Court "did not abuse its discretion by denying defendant's motion for an adverse inference" charge (*People v Griffin*, 300 AD2d 743, 744 [2002], *lv denied* 99 NY2d 614 [2003]).

Defendant's argument that he did not receive the effective assistance of counsel is without merit. Contrary to defendant's contention, the record reveals that counsel mounted a meaningful and appropriate challenge to the search warrant. Furthermore, counsel made proper pretrial motions, conducted diligent and searching cross-examination of witnesses, made numerous meritorious objections, pursued a cogent defense strategy, and otherwise provided meaningful representation (*see People v Henry*, 95 NY2d 563, 565-566 [2000]; *People v Fulwood*, 86 AD3d 809, 811 [2011], *lv denied* 17 NY3d 952 [2011]; *People v Echavarria*, 53 AD3d 859, 864 [2008], *lv denied* 11 NY3d 832 [2008]).

Spain, Stein, Garry and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.