People v Tomko (2020 NY Slip Op 04346)





People v Tomko


2020 NY Slip Op 04346


Decided on July 30, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 30, 2020

110536

[*1]The People of the State of New York, Respondent,
v
Christine Tomko, Appellant.

Calendar Date: June 26, 2020

Before: Garry, P.J., Lynch, Clark, Aarons and Colangelo, JJ.


Rural Law Center of New York, Castleton (Kristin A. Bluvas of counsel), for appellant.
Jason M. Carusone, District Attorney, Lake George (Rebecca Nealon of counsel), for respondent.



Appeal from a judgment of the County Court of Warren County (Hall Jr., J.), rendered March 14, 2018, convicting defendant upon her plea of guilty of the crimes of robbery in the first degree and burglary in the second degree.
Defendant and a codefendant were charged in an indictment with numerous crimes, including attempted murder, stemming from their commission of a string of burglaries and robberies during one of which a convenience store clerk was shot by the codefendant. Pursuant to a plea agreement, defendant pleaded guilty to robbery in the first degree and burglary in the second degree with the understanding that she would be sentenced to an aggregate prison sentence of no less than 12 years and no more than 24 years, followed by five years of postrelease supervision. Defendant was also required to waive her right to appeal. County Court thereafter sentenced defendant to a prison term of 20 years on the robbery conviction, followed by five years of postrelease supervision, and a lesser concurrent term on the remaining conviction. Defendant appeals.
We affirm. Defendant contends that her waiver of the right to appeal was not knowing, intelligent and voluntary. We agree. "[I]n determining whether the record demonstrates that a defendant understood an appeal waiver's consequences, proper considerations include the defendant's consultation with counsel and on-the-record acknowledgments of understanding, a written waiver that supplements or clarifies the court's oral advice and the defendant's experience with the criminal justice system" (People v Thomas, 34 NY3d 545, 560 [2019]; see People v Sanders, 25 NY3d 337, 341 [2015]). "[O]f paramount importance is the trial court's responsibility to ensure each defendant's full appreciation of the consequences and understanding of the terms and conditions of the plea and appeal waiver are apparent from the face of the record" (People v Thomas, 34 NY3d at 560 [internal quotation marks and citation omitted]; see People v Seaberg, 74 NY2d 1, 11 [1989]). In our view, the brief inquiry that County Court made with defendant, a first time offender, failed to ensure that she understood the terms and/or consequences of the appeal waiver, rendering the waiver invalid (see People v Braye, 161 AD3d 1456, 1457 [2018]; People v Brown, 159 AD3d 1149, 1149 [2018], lv denied 32 NY3d 935 [2018]).
Although defendant's claim — that her sentence is harsh and excessive — is thus properly before us, it is unpersuasive. Despite the lack of a criminal record, defendant and her codefendant committed nine burglaries and/or robberies over a 12-day period, culminating in the shooting of a store clerk. In view of the serious nature of defendant's crimes, we find no abuse of discretion or extraordinary circumstances warranting a reduction of the sentence, which was within the agreed-upon range, in the interest of justice (see People v Rought, 90 AD3d 1247, 1249 [2011], lv denied 18 NY3d 962 [2012]; People v Evans, 81 AD3d 1040, 1041-1042 [2011], lv denied 16 NY3d 894 [2011]).
Garry, P.J., Lynch, Clark, Aarons and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.