People v DeJesus-Ocasio (2021 NY Slip Op 01444)





People v DeJesus-Ocasio


2021 NY Slip Op 01444


Decided on March 11, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 11, 2021

110146

[*1]The People of the State of New York, Respondent,
v
Noel DeJesus-Ocasio, Appellant.

Calendar Date: February 4, 2021

Before: Garry, P.J., Lynch, Aarons, Pritzker and Reynolds Fitzgerald, JJ.


Salvatore C. Adamo, Albany, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.



Appeal from a judgment of the Supreme Court (Hogan, J.), rendered October 31, 2017 in Schenectady County, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.
Defendant waived indictment and was charged in a superior court information with criminal sale of a controlled substance in the third degree. He pleaded guilty to this crime and purportedly waived his right to appeal. In accordance with the terms of the plea agreement, he was sentenced as a second felony offender to 4½ years in prison, followed by three years of postrelease supervision. Defendant appeals.
Initially, defendant contends that his waiver of the right to appeal was not knowing, voluntary and intelligent. Based upon our review of the record, we agree. "'[I]n determining whether the record demonstrates that a defendant understood an appeal waiver's consequences, proper considerations include the defendant's consultation with counsel and on-the-record acknowledgements of understanding, a written waiver that supplements or clarifies the court's oral advice and the defendant's experience with the criminal justice system'" (People v Tomko, 185 AD3d 1356, 1357 [2020], lv denied 35 NY3d 1116 [2020], quoting People v Thomas, 34 NY3d 545, 560 [2019]). Here, although Supreme Court advised defendant of the separate and distinct nature of the right to appeal, it did not ascertain that defendant discussed it with counsel and that he understood its ramifications (see People v Tomko, 185 AD3d at 1357; People v Rodriquez, 185 AD3d 1296, 1297 [2020]). In addition, the court did not confirm that defendant had read the written waiver, reviewed it with counsel and was aware of its provisions (see People v Rodriquez, 185 AD3d at 1297; People v McKoy, 175 AD3d 1616, 1617 [2020], lvs denied 34 NY3d 1016, 1018 [2019]). We note that the written waiver was overly broad as it encompassed certain nonwaivable rights, including the right to pursue CPL article 440 motions and/or writs of error coram nobis (see People v Rodriquez, 185 AD3d at 1297; People v Martz, 181 AD3d 979, 980 [2020], lv denied 35 NY3d 1047 [2020]; see also People v Bisono, ___ NY3d ___, ___, 2020 NY Slip Op 07484, *2 [2020]). In view of the foregoing, the appeal waiver was invalid and does not preclude defendant from challenging the severity of the sentence (see People v Tomko, 185 AD3d at 1357; People v Miller, 166 AD3d 1385, 1386 [2018], lv denied 32 NY3d 1207 [2019]).
Nevertheless, we find that the sentence was neither harsh nor excessive. The sentence imposed was agreed to by defendant as part of the plea agreement, and defendant, a second felony offender charged with a class drug B felony, was subject to a significantly longer prison term if convicted after trial (see Penal Law § 70.70 [3] [b] [i]). Consequently, we find no extraordinary circumstances or abuse of discretion warranting a reduction of the sentence in the interest of justice (see People [*2]v Latifi, 171 AD3d 1351, 1352 [2019]; People v Treceno, 160 AD3d 1216, 1216 [2018]; People v Bates, 146 AD3d 1075, 1076 [2017]).
Garry, P.J., Lynch, Aarons, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed.