People v Jackson (2022 NY Slip Op 03936)

People v Jackson

2022 NY Slip Op 03936

Decided on June 16, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 16, 2022

110759
[*1]The People of the State of New York, Respondent,
v
Julius Jackson, Also Known as Santana, Appellant.

Calendar Date:April 18, 2022

Before:Egan Jr., J.P., Colangelo, Ceresia and Fisher, JJ.

Hug Law, PLLC, Albany (Matthew C. Hug of counsel), for appellant.
P. David Soares, District Attorney, Albany (Christopher D. Horn of counsel), for respondent.

Fisher, J.
Appeal from a judgment of the Supreme Court (McDonough, J.), rendered December 8, 2017 in Albany County, convicting defendant upon his plea of guilty of the crime of attempted assault in the first degree.
In July 2016, the victim was shot in the hand and head on Second Street in the City of Albany. A witness told police that he saw defendant just before the shooting, and the victim later identified defendant as the shooter in a photo array. In August 2016, police arrested defendant on Second Street and obtained a warrant to search a nearby property on Second Street in connection with defendant's alleged crimes. The search yielded no firearms and defendant was released from custody without charges. In September 2016, after additional investigation, police obtained a second warrant in connection with defendant's alleged crimes, this time to search a residence on Hackett Boulevard in the City of Albany (hereinafter the second warrant), where police recovered four firearms, ammunition, 8.5 pounds of marihuana and $39,838 in cash.
Defendant was arrested and charged in a seven-count indictment with attempted murder in the second degree, assault in the first degree, criminal use of a firearm in the first degree, three counts of criminal possession of a weapon in the second degree and criminal possession of marihuana in the second degree. After Supreme Court denied defendant's motion to suppress the evidence seized during the search of the Hackett Boulevard residence, defendant pleaded guilty to one count of attempted assault in the first degree, in full satisfaction of the indictment and in exchange for a prison sentence between 10 and 15 years, followed by five years of postrelease supervision. As conditions of the plea agreement, defendant also agreed to waive his right to appeal and forfeit $39,838. Defendant was then sentenced to a prison term of 13 years followed by five years of postrelease supervision. Defendant appeals.
Initially, the People concede, and we agree, that defendant's waiver of the right to appeal is invalid as Supreme Court's oral colloquy "failed to make clear to defendant that the appeal waiver was not a total bar to defendant taking an appeal" (People v Aponte, 190 AD3d 1031, 1032 [2021], lvs denied 37 NY3d 953, 959, 960 [2021]), and the written waiver was similarly overbroad and did not clarify or supplement the court's defective colloquy (see People v Moore, 203 AD3d 1401, 1401 [2022]; People v Lunan, 196 AD3d 969, 969-970 [2021]; People v Tomko, 185 AD3d 1356, 1357 [2020], lv denied 35 NY3d 1116 [2020]).
Turning to the merits, defendant argues that the second search warrant was not supported by probable cause because the information supplied in the application was stale. We disagree. In order "[t]o establish probable cause for the issuance of a search warrant, the warrant application must demonstrate that there is sufficient information to support a reasonable belief that evidence of a crime may be found in [*2]a certain place" (People v Patterson, 199 AD3d 1072, 1073 [2021] [internal quotation marks and citations omitted], lv denied 37 NY3d 1163 [2022]). In addition, "the proof underlying a warrant application must be of facts so closely related to the time of the issue of the warrant as to justify a finding of probable cause at that time" (People v Williams, 140 AD3d 1526, 1527 [2016] [internal quotation marks, brackets and citations omitted], lv denied 28 NY3d 1076 [2016]). Therefore, "[t]he question of whether information is stale for the purpose of establishing probable cause cannot be resolved merely by counting the number of days between the events giving rise to the information and the issuance of the warrant. Information may be acted upon as long as the practicalities dictate that probable cause existent in the past may continue[,] which depends largely upon the property's nature" (People v Miller, 93 AD3d 882, 883 [2012] [internal quotation marks, brackets and citations omitted], lv denied 19 NY3d 975 [2012]). "A court's determination that probable cause exists for the issuance of a search warrant must be afforded great deference" (People v Anderson, 149 AD3d 1407, 1408 [2017] [internal quotation marks and citations omitted], lv denied 30 NY3d 947 [2017]).
Here, the crime occurred in July 2016. Police submitted the application for the second search warrant, and executed same, approximately two months later, in September 2016. This search warrant was supported by an affidavit from a detective with the Albany Police Department, who averred that a Jeep was identified by a license plate reader as having been registered to defendant's mother and as having been used by defendant in the location of Second Street. After reviewing surveillance video from a grocery store near the location of the shooting, the detective identified defendant parking and exiting a gray Jeep. The detective averred that, commencing in September 2016, he and other members of his department had "conducted intermittent reconnaissance and surveillance" to locate defendant's residence, during which time the gray Jeep was observed at the Hackett Boulevard address. Although defendant argues that the connection between the gray Jeep and the Hackett Boulevard residence was known to police for two months, the passage of time alone will not necessarily render relied-upon information stale (see People v Patterson, 199 AD3d at 1073), particularly where there were relatively recent observations by the police of the gray Jeep and defendant at the time of the application and execution of the search warrant (see People v Harris, 83 AD3d 1220, 1222-1223 [2011], lv denied 17 NY3d 817 [2011]). Therefore, Supreme Court properly determined that the facts alleged by the detective were sufficiently timely to support a reasonable belief that evidence related to the July 2016 shooting would be discovered at the Hackett Boulevard address (see People v Williams, 140 AD3d at 1527; People v Miller[*3], 93 AD3d at 883-884).
We also find no merit to defendant's argument that the second search warrant was premised on false and misleading statements because the detective failed to disclose that the victim initially refused to identify defendant in a photo array. The record reveals that the victim identified defendant in a photo array to his probation officer after asking two other detectives to leave the room, not after an outright refusal to participate, and therefore "[w]e are not dealing with a false statement, but an omission" (People v Ronning, 137 AD2d 43, 47 [1988], lv denied 72 NY2d 866 [1988]). Nevertheless, "'[m]inor discrepancies or misstatements do not amount to egregious inaccuracies affecting a probable cause determination'" (People v Anderson, 149 AD3d at 1408, quoting People v Myers, 241 AD2d 705, 707 [1997], lv denied 91 NY2d 877 [1997]), and, notwithstanding, defendant has otherwise failed to demonstrate by a preponderance of the evidence that such statements were made "knowingly and intentionally, or with reckless disregard for the truth" (People v Lavin, 220 AD2d 886, 887-888 [1995] [internal quotation marks and citation omitted], lv denied 87 NY2d 904 [1995]; see People v Anderson, 149 AD3d at 1408; People v Ronning, 137 AD2d at 47).
Lastly, defendant argues that, because his cooperation in an investigation into illegal weapons was not part of the terms of the plea bargain, Supreme Court erred to the extent that it sentenced defendant based on his purported level of cooperation. However, defendant's argument on this point is unpreserved as he failed to request a hearing or move to withdraw his plea (see People v Buckley, 167 AD3d 1085, 1086-1087 [2018], lv denied 32 NY3d 1202 [2019]; People v Russell, 143 AD3d 1188, 1189 [2016]; People v Delayo, 52 AD3d 1114, 1115 [2008], lv denied 11 NY3d 787 [2008]), and we decline defendant's invitation to exercise our interest of justice jurisdiction (see CPL 470.15 [3] [c]; [6]; People v Stewart, 200 AD3d 723, 723 [2021], lv denied 37 NY3d 1165 [2022]).
Egan Jr., J.P., Colangelo and Ceresia, JJ., concur.
ORDERED that the judgment is affirmed.