■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEBBIE L. DAVIS, Appellant.—Levine, J. Appeal from a judgment of the County Court of Broome County (Coutant, J.), rendered May 28, 1986, convicting defendant upon her plea of guilty of the crime of criminal possession of a controlled substance in the fourth degree.

The entire thrust of defendant's appeal is directed to the validity of the search warrant pursuant to which the police searched her apartment. The search warrant application averred that Joseph Slavik was arrested on May 31, 1985 for possession of illegal drugs and informed the police that his supplier was James Laudato. The police then monitored telephone conversations between Slavik and Laudato concerning arrangements for Laudato to obtain additional drugs for Slavik through his supplier. Police surveillance established that Laudato's supplier drove a blue and white Oldsmobile car and that he was Thomas Ruffo. The police monitored electronically the sale of one ounce of methamphetamine between Slavik and Laudato. Laudato was arrested and gave a statement that he had been purchasing methamphetamine from Ruffo for some 10 months, that Ruffo was a drug dealer and lived with his girlfriend, "Debbie", in the Town of Vestal, Broome County. Laudato also stated that, since Ruffo had obtained a supply of drugs only two days earlier, he would probably have a quantity of drugs at his residence. Ruffo was arrested in the early morning of June 1, 1985 while driving the same Oldsmobile and told police that he was living at 831 Old Vestal Road in Vestal with his girlfriend, Debbie Davis (the defendant).

The foregoing averments in the search warrant affidavit were amply sufficient to support the validity of the search

warrant for defendant's apartment at 831 Old Vestal Road. They established probable cause that Ruffo was continuously dealing in drugs, and had just obtained a new supply, from which it certainly was inferable that drugs would be found at his residence at defendant's apartment. Since Laudato's statement was based upon his firsthand knowledge of direct purchases from and conversations with Ruffo, was corroborated at least in part by police surveillance and was against his penal interest, it clearly satisfied both prongs of the *Aguilar-Spinelli* test *(see, People v Johnson,* 66 NY2d 398; *People v Stafford,* 113 AD2d 995, 996; *People v Bowers,* 92 AD2d 669, 670).

The fact that the location of defendant's apartment at 831 Old Vestal Road was misdescribed in the search warrant, as established through further investigation at the time it was executed, does not serve to invalidate the warrant. The description of the location of the apartment contained in the warrant came as a result of a responsible police effort to obtain an accurate location. In preparation for drafting the search warrant, Vestal Police Officer Mark Johnson was sent to 831 Old Vestal Road. His mistake in placing the Ruffo and Davis apartment in the warrant description on the left rather than the right side of the building was entirely reasonable, since the street number marking was on the door at the left-hand side. Johnson could not pinpoint the location of the apartment any more closely without endangering the secrecy of his surveillance. When Johnson accompanied the other officers to 831 Old Vestal Road to execute the warrant later in the morning of June 1, 1985, he met defendant, whom he recognized, and she furnished him with the actual location of her and Ruffo's apartment before the search took place. Obviously, at that point, the police could not have suspended their operation in order to obtain a corrective amendment of the search warrant without serious risk that the drugs sought in the apartment would be destroyed before they returned.

Under all the foregoing circumstances, the warrant and search of the appropriate apartment should be upheld. The description in a search warrant of the place to be searched satisfies the requirements of the 4th Amendment of the US Constitution if it "is such that the officer * * * can with reasonable effort ascertain and identify the place intended" *(Steele v United States,* 267 US 498, 503). Here, the warrant accurately described the building and the address of the apartment to be searched and, most significantly, the identities of the occupants of the apartment. And, of course, Johnson was easily able to ascertain the actual location of the

target apartment by minimal inquiry at the site, without there being anything but the remotest possibility that the wrong place would be searched. Therefore, under both State and Federal case law, the reasonable mistake in description in the warrant does not vitiate the warrant or search (see, *People v Earl,* 138 AD2d 839, 841-842, *lv denied* 71 NY2d 1026; *People v Brooks,* 54 AD2d 333, 335-336; *People v Taggart,* 51 AD2d 863; *see also, United States v Bonner,* 808 F2d 864, 866, *cert denied* 481 US 1006; *United States v Burke,* 784 F2d 1090, 1092, *cert denied* 476 US 1174; *United States v Clement,* 747 F2d 460, 461; *United States v Gitcho,* 601 F2d 369, 371, *cert denied* 444 US 871; *United States v Shropshire,* 498 F2d 137, 142; *United States v Pisano,* 191 F Supp 861, 863).

Defendant's remaining arguments for invalidating the search warrant are equally unpersuasive. Therefore, the conviction should be upheld in all respects.

Judgment affirmed. Casey, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.