■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS M. RUFFO, Appellant.—Weiss, J. P. Appeal from a judgment of the County Court of Broome County (Coutant, J.), rendered March 27, 1986, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.

The facts in this matter may be found in the appeal of the codefendant (see, *People v Davis,* 146 AD2d 942), which authoritatively addresses defendant's contentions with regard to the search warrant. Briefly stated, Joseph Slavik, who was arrested for possession of illegal drugs, identified James Laudato as his supplier. While electronically monitoring conversations between Slavik and Laudato, the police learned that defendant had sold methamphetamine to Laudato for 10 months. Based on information about defendant given to police by Laudato after his arrest, a warrant was obtained to search the apartment of Debbie Davis, with whom defendant resided in the Town of Vestal, Broome County. This court rejected Davis' challenge to the validity of the search warrant on the basis that her apartment was misdescribed in the application for the warrant (*supra,* at 943). We further held that Laudato furnished information from firsthand knowledge which was against his penal interest and which, when corroborated by information obtained through police surveillance, was sufficient to satisfy both prongs of the *Aguilar-Spinelli* test (*supra; see, People v Johnson,* 66 NY2d 398; *People v Bowers,* 92 AD2d 669, 670). Defendant has not demonstrated either that we erred in *People v Davis (supra),* or that a sufficient basis exists necessitating a different result.

Defendant further contends that during his suppression hearing, the People withheld *Brady* material (see, *Brady v Maryland,* 373 US 83) and *Rosario* material (see, *People v Rosario,* 9 NY2d 286, *cert denied* 368 US 866) consisting of a transcription of a short statement made by a witness several

weeks prior to the suppression hearing and some five months after the search warrant had been issued. At the commencement of the witness's testimony, the statement was disclosed and at time of cross-examination, a copy was provided to defendant with an adjournment to enable review. The statement was timely and effectively used on cross-examination and thereafter introduced into evidence by defendant. Although the statement was relevant to the veracity of the witness, it was not critical to the defense. The delay in producing it was short and because no prejudice has been demonstrated, reversal is not required (see, People v Martinez, 71 NY2d 937, 940).

Defendant's remaining contention is that his 5-to-15-year prison sentence is harsh and excessive. The plea bargain was voluntarily made, involved dismissal of other serious charges and was made in light of defendant's large-scale methamphetamine sales operation. No extraordinary circumstances have been shown, nor a suggestion made of any abuse of discretion by the sentencing court. Accordingly, sentence reduction is not warranted (see, People v Tinning, 142 AD2d 402, 408-409, lv denied 73 NY2d 1022).

Judgment affirmed. Weiss, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.