■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HASSAN RIDDICK, Appellant. [637 NYS2d 521] —Spain, J. Appeal

from a judgment of the County Court of Ulster County (Bruhn, J.), entered September 9, 1994, upon a verdict convicting defendant of two counts of the crime of criminal possession of a weapon in the third degree.

On January 22, 1993, police officers observed a group of six or seven individuals congregated on a street corner located in a designated high crime area of the City of Kingston, Ulster County. The group was obstructing pedestrian traffic, in violation of the City's loitering ordinance. When the officers asked the group members to disperse, they did, with the exception of defendant and his brother. They moved to the center of the intersection and shouted obscenities at the police officers until they were advised that they were under arrest.

Defendant fled and was pursued by Police Sergeant Vincent Ausanio who observed defendant running up to a tall fence and reaching over it, after which Ausanio heard the sound of a metal object landing on the other side of the fence. Defendant was arrested following a brief chase. Ausanio then climbed over the fence finding on the other side a .25-caliber loaded handgun that was still warm to the touch.

At the suppression hearing that followed defendant's indictment, his motion to suppress the handgun was denied. He was subsequently convicted of two counts of the crime of criminal possession of a weapon in the third degree and sentenced to a term of incarceration of $1^1/2$ to $4^1/2$ years. Defendant appeals.

Defendant contends that the handgun should have been suppressed because his arrest was not based on probable cause. We reject this contention because it is evident that the police had seen defendant engaged in conduct which violated the City's loitering ordinance and had further witnessed his refusal to desist despite the officers' admonition that he do so.

In addition, at the time the police retrieved defendant's handgun, it constituted abandoned property, not illegally seized evidence that should have been suppressed. An abandonment will be found when the incriminating evidence was discarded as the product of an independent, calculated act on the part of the defendant rather than the direct result of illegal police conduct intended to induce the defendant to reveal the evidence in question (*see, People v Howard,* 50 NY2d 583, 593, *cert denied* 449 US 1023; *People v Boodle,* 47 NY2d 398, 404-405, *cert denied* 444 US 969). In this case, defendant's efforts to discard the handgun were undertaken as an independent act, separate from any allegedly illegal activity on the part of the police (*see, People v Boodle, supra,* at 404). Defendant had sufficient time during his flight from the police to

weigh the risks involved in discarding the gun and to formulate a plan to make it possible (*see, People v Rosser*, 150 AD2d 911, 912, *lv denied* 74 NY2d 746). Hence, defendant's attempted disposal of his gun constituted an act of abandonment and, accordingly, his motion to suppress its admission into evidence was properly denied by County Court.

Cardona, P. J., Mercure, White and Peters, JJ., concur. Ordered that the judgment is affirmed.