█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE LOPEZ, Appellant. [699 NYS2d 141] —Mugglin, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered July 30, 1998, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the first degree, criminal possession of a controlled substance in the third degree, criminal use of drug paraphernalia in the second degree (two counts) and criminal possession of marihuana in the third degree.

In September 1997, a confidential informant told a member of the special investigative unit of the Albany Police Department that Sandra Green, residing at 353 Third Street in the City of Albany, along with two males were engaged in drug-trafficking activities. In furtherance of that investigation, the confidential informant, equipped with a body wire, made two separate purchases of controlled substances alleged to be crack cocaine. Based on this information, the police applied for and obtained a search warrant for "353 Third Street, second floor, left apartment, Albany, New York," alleged to be used or occupied by Green and two male individuals.

In the early morning hours of September 22, 1997, the police executed the warrant. After forcibly entering the premises, the police officers proceeded up the stairs to the second floor and forcibly entered an apartment. After learning that the first apartment entered was not that occupied by Green, a police officer knocked on a second door which was answered by a female known to the police as Green. The resulting search of the apartment, which was actually situated on the third floor, led to the arrest of defendant and the confiscation of substances alleged to be cocaine and marihuana. Prior to entering the premises, several members of the police department were positioned at the side and rear of the apartment building. Shortly after the police entered the premises, the officer located at the rear of the building observed a package being thrown out a window by an individual wearing a gray T-shirt, the contents of which later proved to be crack cocaine. After being indicted for criminal possession of a controlled substance in the first and third degrees, criminal use of drug paraphernalia in the second degree (two counts) and criminal possession of marihuana in the third degree, defendant was convicted on all counts after trial and now appeals. On this appeal, defendant challenges the sufficiency of the search warrant, the admissibility of expert testimony concerning testing of the alleged controlled substances and the sentence imposed.

Defendant argues that County Court erred in denying his motion to suppress the evidence seized pursuant to the search warrant since the search warrant was improperly issued in that it failed to describe the premises to be searched with sufficient particularity. Specifically, defendant asserts that the search warrant did not adequately describe the location of Green's apartment in a clear and unequivocal manner. Defendant asserts that this contention is bolstered by the fact that the police forcibly entered the wrong apartment initially. Although a search warrant must specifically designate the

premises to be searched (*see*, CPL 690.15 [a]; 690.35 [3]), it has been consistently held that "an imprecise description of the premises to be searched appearing on the face of the warrant will not invalidate a search so long as the description enables the executing officers 'with reasonable effort [to] ascertain and identify the place intended'" (*People v Davenport*, 231 AD2d 809, 810, *lv denied* 89 NY2d 921, quoting *Steele v United States No. 1*, 267 US 498, 503; *see, People v Fahrenkopf*, 191 AD2d 903).

Here, the search warrant application described the premises to be searched as "353 Third Street, second floor, left apartment, Albany, New York. And the person(s) known to use or occupy said premises. A subject by the name of Sandra Green described as a black female * * *." While the actions of the police suggest some confusion as to the correct apartment door, we find that the search warrant sufficiently described the premises to be searched. Once the police recognized that they had not initially entered the apartment of Green, they immediately ascertained and verified its location. Clearly, the warrant described the correct door to the apartment of Green since after making a left-hand turn on the second floor landing, the door to Green's apartment was the door on the left. The fact that the police initially went to the wrong apartment does not vitiate the search warrant.

Defendant further contends that the package containing drugs which was jettisoned from the window was improperly admitted into evidence since it did not constitute abandoned property. "An abandonment will be found when the incriminating evidence was discarded as the product of an independent, calculated act on the part of the defendant rather than the direct result of illegal police conduct intended to induce the defendant to reveal the evidence in question" (*People v Riddick*, 224 AD2d 782, 783). In this regard, it is the People's burden to overcome the presumption against the waiver of constitutional right by the submission of evidence establishing " ' "an intentional relinquishment or abandonment of a known right or privilege" ' " (*People v Howard*, 50 NY2d 583, 593, *cert denied* 449 US 1023, quoting *Brookhart v Janis*, 384 US 1, 4, quoting *Johnson v Zerbst*, 304 US 458, 464). Here, the record reveals that defendant voluntarily relinquished possession of the cocaine. Defendant's attempted disposal of the package of drugs constituted an act of abandonment. The package was thrown from the window shortly after the police forcibly entered the door to the apartment building and defendant's attempt to dispose of the drugs was clearly undertaken as an independent calculated act.

We find no error in County Court's decision to permit the People's expert to testify regarding the identity of the seized substances. The record reveals that the People's expert performed three tests on the confiscated substances, two that employed a known standard and one that did not. Although the People's expert failed to present competent evidence of the accuracy of the known standard employed in the two tests, the first test did not employ a known standard. Although failure to establish the accuracy of the known standard as a reliable norm means that a proper foundation was not laid for the expert testimony that the substance was a controlled substance (*see, People v Miller*, 57 AD2d 668, 668-669), opinion evidence, however, is nonetheless admissible where additional tests were performed that did not require comparison with a known standard (*see, People v Castle*, 251 AD2d 891, *lv denied* 92 NY2d 923; *People v Fallen*, 249 AD2d 771, 772, *lv denied* 92 NY2d 879). Since the expert's opinion was premised in part on a test that did not employ a known standard, County Court properly admitted the testimony of the forensic scientist regarding the identity of the seized evidence.

As a final matter, we conclude that defendant's sentence was not excessive. When a sentence is within permissible statutory ranges, it shall not be disturbed unless the sentencing court abused its discretion or extraordinary circumstances exist warranting a modification (*see, People v Wright*, 214 AD2d 759, 762, *lv denied* 86 NY2d 805; *People v Parson*, 209 AD2d 882, 884, *lv denied* 84 NY2d 1014). Since the sentences imposed on the felony convictions were within permissible statutory ranges, and defendant has failed to establish that County Court abused its discretion or extraordinary circumstances exist warranting the modification, we find no error. We have examined the remaining contentions of defendant and find them to be without merit.

Cardona, P. J., Mikoll, Mercure and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.