■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL D. WALLACH, Appellant. [826 NYS2d 464]—

Appeal from a judgment of the County Court of Washington County (Berke, J.), rendered July 1, 2005, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.

Defendant entered an *Alford* plea of guilty to criminal sale of a controlled substance in the third degree following his sale of

heroin to a confidential police informant in 2003. In accordance with the plea agreement, he was sentenced as a second felony offender to 5 to 10 years in prison. His subsequent CPL article 440 motion was denied and he was denied permission to appeal from that order. He now appeals from the judgment of conviction.

Initially, we find no merit to defendant's claim that the sentence is harsh and excessive. Defendant has an extensive criminal background, which includes two prior drug-related convictions, and the negotiated sentence he received was significantly less than the sentence that could have been imposed if he were convicted after trial. Therefore, we do not find the existence of extraordinary circumstances or an abuse of discretion warranting a reduction of the sentence in the interest of justice (*see People v Cartwright*, 301 AD2d 682 [2003]; *People v Daniels*, 281 AD2d 651 [2001], *lv denied* 96 NY2d 900 [2001]). In addition, because defendant committed the crime well before the effective date of the Rockefeller Drug Law Reform Act (*see* L 2004, ch 738, § 41 [d-1]), we reject his contention that he should have been sentenced under the new law (*see People v Walker*, 26 AD3d 676 [2006]). Finally, defendant's equal protection challenge has been considered and found to be unavailing.

Mercure, J.P., Peters, Spain, Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed.