■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALD L. CARPENTER, Appellant. [857 NYS2d 344]—

Lahtinen, J. Appeal from a judgment of the County Court of Columbia County (Nichols, J.), rendered August 23, 2005, upon a verdict convicting defendant of the crime of criminal possession of a controlled substance in the third degree.

Following months of investigation which included several controlled purchases of cocaine and heroin by confidential informants, a police detective submitted a detailed application seeking a no-knock search warrant for apartment 12H in the Hudson Terrace apartment complex in the City of Hudson, Columbia County. The warrant was issued and officers executed it in the early morning hours of September 18, 2004. As they entered the apartment, the officers first encountered defendant, who was lying on a couch in the living room with his head next to an end table upon which rested an upside-down baseball hat containing crack cocaine. In other parts of the apartment, two other individuals were apprehended, considerable amounts of cash were discovered, a gun was located and additional significant quantities of drugs were found. Based upon the crack cocaine in the hat in close proximity to defendant, he was indicted for criminal possession of a controlled substance in the third degree. His pretrial challenge to the search warrant was denied after a hearing. A jury thereafter found him guilty of the charged crime and he was sentenced, as a predicate felon, to a prison term of 10 to 20 years. Defendant appeals.

Defendant initially argues that the search was illegal because the warrant authorized a search of 15 North Front Street, apartment 12H, and he asserts that the search occurred at 15 South

Front Street, apartment 12H. While the particularity of the warrant is important, "[t]his does not mean that hypertechnical accuracy and completeness of description must be attained but rather, from the standpoint of common sense, that the descriptions in the warrant and its supporting affidavits be sufficiently definite to enable the searcher to identify the persons, places or things that the Magistrate has previously determined should be searched or seized" (*People v Nieves*, 36 NY2d 396, 401 [1975] [citations omitted]; *see People v Lopez*, 266 AD2d 735, 736-737 [1999], *lv denied* 94 NY2d 922 [2000]). Stated another way, "an imprecise description of the premises to be searched appearing on the face of the warrant will not invalidate a search so long as the description enables the executing officers with reasonable effort [to] ascertain and identify the place intended," and "a warrant found to lack a sufficiently precise description of the premises . . . may be validated by reference to a more precise description set forth in the search warrant applications and supporting documents" (*People v Davenport*, 231 AD2d 809, 810 [1996], *lv denied* 89 NY2d 921 [1996] [internal quotation marks and citations omitted]; *see People v Davis*, 146 AD2d 942, 943 [1989]).

Here, the manager of the apartment complex testified at the suppression hearing that the 13 buildings that comprise the complex are all at 15 Front Street, they are located on both the north and south side of the street and, significantly, each building is individually numbered. She explained that there is only one building 12, and the apartments in that building are designated by letters. Thus, in the entire complex, there is only a single apartment with the designation "12H." A police detective testified that the past practice of the police was to refer to the location of the entire apartment complex using the office address of 15 North Front Street. Moreover, the affidavits submitted with the application for the warrant described in detail the location of apartment 12H. Accordingly, we find that the description of the premises to be searched was sufficiently precise and defendant's suppression motion was properly denied.

Next, we consider defendant's contention that the evidence was legally insufficient in that the People failed to prove that he possessed the crack cocaine in the hat on the table. Defendant was the only individual in the living room of the apartment, the cocaine in the hat was in plain view, and it was in close proximity to defendant (i.e., within an arm's reach). Viewing the evidence in the light most favorable to the People (*see People v Acosta*, 80 NY2d 665, 672 [1993]; *People v Coleman*, 26 AD3d

773, 774-775 [2006], *lv denied* 7 NY3d 754 [2006]), there was legally sufficient evidence to establish defendant's constructive possession of the crack cocaine (*see People v Elhadi*, 304 AD2d 982, 983-984 [2003], *lv denied* 100 NY2d 580 [2003]; *People v Wilson*, 284 AD2d 958, 958 [2001], *lv denied* 96 NY2d 943 [2001]; *cf. People v Edwards*, 206 AD2d 597, 597-598 [1994], *lv denied* 84 NY2d 907 [1994]).

Finally, we are unpersuaded by defendant's assertion that his sentence was harsh and excessive. Since the crime occurred prior to the effective date of the Drug Law Reform Act of 2004 (L 2004, ch 738, enacted Dec. 14, 2004, eff Jan. 13, 2005), the ameliorative sentencing provisions of that act do not apply (*see People v Utsey*, 7 NY3d 398, 402-403 [2006]). The sentence imposed was less than the permissible maximum and defendant has an extensive criminal record. We find neither an abuse of discretion by the sentencing court nor extraordinary circumstances warranting a reduction of defendant's sentence (*see People v Wallach*, 35 AD3d 913, 914 [2006]; *People v Milner*, 28 AD3d 873, 874-875 [2006]).

Cardona, P.J., Mercure, Spain and Kavanagh, JJ., concur. Ordered that the judgment is affirmed.