■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN S. MITCHELL, Appellant. [870 NYS2d 541]—

Rose, J.

After obtaining a search warrant based upon information provided by a confidential informant, police officers searched a duplex apartment where defendant was staying and found a loaded handgun under his mattress. Defendant was indicted on one count of criminal possession of a weapon in the third degree and, after County Court denied his motion to suppress the handgun, he entered an *Alford* plea to the charge. County Court sentenced defendant as a second felony offender to a prison term of 2 to 4 years in accordance with the plea agreement, and he now appeals.

Defendant first argues that the search warrant that led to discovery of the handgun was improperly obtained because the confidential informant's reliability had not been established. We cannot agree. While it is true that the informant had only recently begun working with police and had no record of reliability, the evidence at the suppression hearing established that the informant had given detailed testimony in camera and under oath before the issuing court. The informant testified that he had seen defendant in the duplex apartment on the right-hand side of the building in question, that he knew defendant sold cocaine, that he heard defendant threaten to kill others who had fired upon him in a recent gunfight and that he had seen

more than one handgun in defendant's possession within the previous five days. Inasmuch as we accord great deference to the determination of the suppression court (*see People v Pond*, 217 AD2d 721, 722 [1995]), this testimony, together with that of the three police officers who were investigating defendant and the earlier shooting, supports County Court's determination that there was sufficient probable cause to issue the search warrant (*see People v Tyrell*, 248 AD2d 747, 749 [1998], *lv denied* 92 NY2d 907 [1998]; *People v Walker*, 244 AD2d 796, 797 [1997]).

Nor did the misstatement of the address for the premises to be searched lead to the improper execution of the search warrant here. The hearing testimony showed that while the warrant stated that it was to be executed upon the entire first and second floor right side apartment in a house identified as "517 Jefferson Street," the police learned just before entry that the building actually bore two street numbers, with the targeted right side apartment separately numbered as 519 Jefferson Street. The search warrant accurately described the building in which the targeted apartment was located and the mere misstatement of the street number for the right side duplex apartment did not impair the ability of the police to readily ascertain and identify the target premises with reasonable and minimal effort (*see Steele v United States*, 267 US 498, 503 [1925]; *People v Carpenter*, 51 AD3d 1149, 1150 [2008], *lv denied* 11 NY3d 786 [2008]; *People v Davis*, 146 AD2d 942, 943-944 [1989]). Accordingly, County Court did not err in concluding that the reasonable mistake in the warrant's description did not invalidate the warrant or the search made pursuant to it (*see People v Lopez*, 266 AD2d 735, 737 [1999], *lv denied* 94 NY2d 922 [2000]).

As for defendant's remaining arguments, we find that his *Alford* plea was knowing, voluntary and intelligent (*see People v Perry*, 4 AD3d 618, 619-620 [2004], *lv denied* 2 NY3d 804 [2004]; *People v Anderson*, 304 AD2d 975, 975-976 [2003], *lv denied* 100 NY2d 578 [2003]), he was not deprived of the effective assistance of counsel (*see People v Johnson*, 54 AD3d 1133, 1134 [2008]; *People v Lawrence*, 34 AD3d 984, 985 [2006]), and his sentence is neither harsh nor excessive. He received the minimum sentence authorized for a second felony offender (*see* Penal Law § 70.06 [3] [d]; [4] [b]; *People v Graham*, 35 AD3d 1039, 1040 [2006], *lv denied* 8 NY3d 922 [2007]; *People v Smith*, 32 AD3d 553, 554 n 1 [2006]).

Mercure, J.P., Carpinello, Kane and Malone Jr., JJ., concur. Ordered that the judgment is affirmed.