People v Vandebogart (2018 NY Slip Op 01214)





People v Vandebogart


2018 NY Slip Op 01214


Decided on February 22, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 22, 2018

107330

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
HAROLD VANDEBOGART, Appellant.

Calendar Date: January 19, 2018

Before: Garry, P.J., McCarthy, Mulvey, Aarons and Pritzker, JJ.


Adam G. Parisi, Schenectady, for appellant.
Robert M. Carney, District Attorney, Schenectady (Chandler Delamater of counsel), for respondent.


Aarons, J.

MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Schenectady County (Giardino, J.), rendered January 26, 2012, upon a verdict convicting defendant of the crimes of predatory sexual assault against a child (three counts), sexual abuse in the second degree (two counts), endangering the welfare of a child (three counts), promoting a sexual performance by a child less than 17 years of age (eight counts) and possessing a sexual performance by a child less than 16 years of age (10 counts).
Defendant was charged in a multicount indictment stemming from multiple incidents in which he had sexual intercourse with underage children and texted digital pictures of such acts to another individual. Prior to trial, defendant moved to suppress seized evidence on the basis that the search warrant was not
sufficiently particular with respect to the depiction of his apartment. After a suppression hearing, County Court (Drago, J.) denied the motion. Following a jury trial, defendant was convicted of three counts of predatory sexual assault against a child, two counts of sexual abuse in the second degree, three counts of endangering the welfare of a child, eight counts of promoting a sexual performance by a child less than 17 years of age and 10 counts of possessing a sexual performance by a child less than 16 years of age. County Court (Giardino, J.) thereafter sentenced defendant, as a second felony offender, to an aggregate prison term of 75 years to life. Defendant now appeals. We affirm.
Defendant first contends that the physical evidence seized as a consequence of the search of his apartment should have been suppressed. In particular, defendant argues that the [*2]search warrant was facially deficient because it described the searched premises as a single-family house, as opposed to a two-family house. We disagree. "Generally, a warrant to search a subunit of a multiple occupancy structure is void if it fails to describe the subunit to be searched and only describes the larger structure" (People v Atkins, 154 AD3d 1064, 1068 [2017] [internal quotation marks and citations omitted]). Such warrant, however, will be deemed valid so long as the descriptions therein and the affidavits in support of it are "sufficiently definite to enable the searcher to identify the . . . places . . . that the Magistrate has previously determined should be searched" (People v Nieves, 36 NY2d 396, 401 [1975] [citations omitted]; see People v Thomas, 155 AD3d 1120, 1121 [2017]; People v Carpenter, 51 AD3d 1149, 1150 [2008], lv denied 11 NY3d 786 [2008]). The requirement that the description be sufficiently particular "must be viewed from the standpoint of common sense" (People v Wallace, 238 AD2d 807, 808 [1997] [internal quotation marks and citation omitted], lvs denied 90 NY2d 865 [1997]).
The record discloses that defendant lived in the second-floor apartment of a multifamily house in Schenectady County, which was accessible by the door on the right when ascending to the top of the porch. There was also a door at the end of the porch to the left, which accessed the first-floor apartment. A gate on the porch also blocked access to the left side of the porch. At the suppression hearing, a police detective testified that when he knocked on the right door, defendant "appear[ed] out of the left door" and was not wearing a shirt. The detective also stated that there was one driveway for the house, there was one stairwell to go up onto the porch and that he was not made aware by defendant or the occupants of the first-floor apartment that the house was a multifamily house. Although there were two mailboxes, defendant's name did not appear on either of them. Based on his observations, the detective believed that the house was a single-family house and that an extra door was installed.
Although defendant testified at the suppression hearing that he advised the detective that he lived on the second floor, County Court (Drago, J.) did not give "full credence to his testimony" and found that it was "self-serving." The court credited the testimony of the detective and determined that it was reasonable, based upon the information known to him, to conclude that the house to be searched was a single-family house. According deference to suppression court's factual findings and credibility determinations (see People v Musto, 106 AD3d 1380, 1380 [2013], lv denied 21 NY3d 1007 [2013]) and taking into account that hypertechnical accuracy and completeness of the description of the searched premises is not required, we find that any mistake in describing the premises to be searched as a single-family house did not render the search warrant invalid (see People v Thomas, 155 AD3d at 1121; People v Diaz, 11 AD3d 476, 477 [2004], lv denied 3 NY3d 756 [2004]; People v Otero, 177 AD2d 284, 285 [1991], lv denied 79 NY2d 862 [1992]). As such, defendant's motion to suppress was properly denied (see People v Mitchell, 57 AD3d 1232, 1233 [2008], lv denied 12 NY3d 760 [2009]; People v Lavin, 220 AD2d 886, 887 [1995], lv denied 87 NY2d 904 [1995]; People v Davis, 146 AD2d 942, 943-944 [1989]). Defendant's argument that the search warrant was not supported by probable cause is unpreserved for review and, in any event, is without merit (see People v Brooks, 152 AD3d 1084, 1085-1086 [2017]; People v Church, 31 AD3d 892, 894 [2006], lv denied 7 NY3d 866 [2006]).
We reject defendant's assertion that County Court (Giardino, J.) erred in granting the People's motion in limine precluding him from questioning the 12-year-old victim about a statement she made to law enforcement that she was sexually intimate with other children of similar age. Under the Rape Shield Law, evidence of a victim's sexual conduct in a case prosecuted under Penal Law article 130 is inadmissible unless one of the exceptions applies (see CPL 60.42; People v Scott, 16 NY3d 589, 593-594 [2011]; People v Simonetta, 94 AD3d 1242, 1245 [2012], lv denied 19 NY3d 1029 [2012]). Defendant failed to demonstrate that any of the [*3]exceptions was applicable (see People v Alteri, 49 AD3d 918, 920 [2008]; People v Thompson, 27 AD3d 888, 890 [2006], lv denied 6 NY3d 853 [2006]). Furthermore, in our view, County Court did not abuse its discretion in determining that the victim's statement was prejudicial and not relevant (see People v Halter, 19 NY3d 1046, 1049 [2012]; People v Richards, 78 AD3d 1221, 1225 [2010], lv denied 15 NY3d 955 [2010]; People v Mann, 41 AD3d 977, 979 [2007], lv denied 9 NY3d 924 [2007]). To the extent that defendant contends that the Rape Shield Law is inapplicable because the evidence at issue was evidence of a statement made by the victim about sexual conduct and not evidence of the victim's sexual conduct, such contention is not preserved for review inasmuch as it was not advanced before County Court (see People v Simonetta, 94 AD3d at 1245 n 2).
We are not persuaded by defendant's argument that County Court committed reversible error by providing the jury with an annotated verdict sheet during the court's charge. We note that defense counsel initially objected to the use of any annotations on the verdict sheet. Although an annotated verdict sheet was ultimately utilized, defense counsel reviewed the annotations, requested that certain changes be made to the annotations, which County Court accepted, and consented to the final version of the annotated verdict sheet provided to the jury (see People v Angelo, 88 NY2d 217, 224 [1996]; People v McCloud, 121 AD3d 1286, 1290 [2014], lv denied 25 NY3d 1167 [2015])[FN1]. We further conclude that the annotations did not run afoul of CPL 310.20 (2)
and that they were "appropriately included . . . so that the jury could distinguish the submitted counts" (People v Lewis, 23 NY3d 179, 187 [2014]). Nor do we find merit in defendant's argument that the annotations in the verdict sheet materially differed from the court's oral instructions.
To that end, defendant was not denied the effective assistance of counsel because his counsel ultimately consented to the annotations on the verdict sheet (see People v O'Kane, ___ NY3d ___, ___ 2018 NY Slip Op 00859, *2 [2018]). Furthermore, on this record, defense counsel's failure to argue that the search warrant was not supported by probable cause or to object to the admission of certain evidence did not constitute deficient representation (see People v Garcia-Toro, 155 AD3d 1086, 1089-1090 [2017]; People v Ackerman, 141 AD3d 948, 950 [2016], lv denied 28 NY3d 1181 [2017]; People v Bowman, 139 AD3d 1251, 1253 [2016], lv denied 28 NY3d 927 [2016]). Defendant's other grievances with how his counsel represented him concern trial strategies; "[t]hat the strategy failed or that in hindsight a different strategy would have been better is insufficient to establish ineffective assistance" (People v Vecchio, 228 AD2d 820, 821 [1996]; see People v Henry, 129 AD3d 1334, 1336 [2015], lv denied 26 NY3d 930 [2015]). Defendant's remaining contentions, to the extent not specifically discussed herein, have been examined and lack merit.
Garry, P.J., McCarthy, Mulvey and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: The record reveals that the annotated verdict sheet was not given to the jury for its use during deliberations and that the jury was instead provided with a clean version of the verdict sheet.