People v Thomas (2023 NY Slip Op 03261)

People v Thomas

2023 NY Slip Op 03261

Decided on June 15, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 15, 2023

111293
[*1]The People of the State of New York, Respondent,
v
Gavin Thomas, Appellant.

Calendar Date:April 27, 2023

Before:Garry, P.J., Aarons, Pritzker, Ceresia and Fisher, JJ.

Hug Law, PLLC, Albany (Matthew C. Hug of counsel), for appellant.
P. David Soares, District Attorney, Albany (Vincent Stark of counsel), for respondent.

Ceresia, J.
Appeal, by permission, from an order of the Supreme Court (Peter A. Lynch, J.), entered May 30, 2019 in Albany County, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crimes of criminal possession of a weapon in the second degree (two counts) and criminal possession of a weapon in the third degree, after a hearing.
Following a jury trial in 2015, defendant was found guilty of two counts of criminal possession of a weapon in the second degree and one count of criminal possession of a weapon in the third degree and was sentenced as a second violent felony offender to concurrent terms of imprisonment, the longest of which was 15 years, to be followed by five years of postrelease supervision. The conviction was affirmed on appeal (155 AD3d 1120 [3d Dept 2017], lv denied 31 NY3d 1018 [2018]).
Subsequently, defendant filed a pro se motion to vacate the judgment of conviction pursuant to CPL 440.10 contending, among other things, that his trial counsel had a conflict of interest that was not disclosed to him before trial. Specifically, defendant argued that a conflict was present in that the Assistant District Attorney (hereinafter the ADA) who prosecuted his case had been paid by a local criminal defense attorney (hereinafter the defense attorney) to draft appellate briefs in certain cases, and that defendant's trial counsel was an associate in the defense attorney's office. Following a hearing in connection with the motion, at which, in addition to other witnesses, the ADA, the defense attorney and trial counsel testified, Supreme Court denied defendant's motion. Defendant appeals, by permission, and we affirm.
"[A] criminal defendant is entitled to the effective assistance of counsel, defined as representation that is reasonably competent, conflict-free and singlemindedly devoted to the client's best interests" (People v Ennis, 11 NY3d 403, 409-410 [2008] [internal quotation marks and citations omitted], cert denied 556 US 1240 [2009]; see People v Abar, 99 NY2d 406, 409 [2003]). That said, it is the defendant who "bears the burden of establishing a denial of meaningful representation" (People v Sanchez, 21 NY3d 216, 222 [2013]). Where, as here, an ineffective assistance of counsel claim is premised upon a perceived conflict of interest, the law draws a distinction between actual and potential conflicts (see People v Wright, 27 NY3d 516, 520-521 [2016]; People v Sanchez, 21 NY3d at 223). "An actual conflict exists if an attorney simultaneously represents clients whose interests are opposed and, in such situations, reversal is required if the defendant does not waive the actual conflict" (People v Sanchez, 21 NY3d at 223 [citations omitted]; see People v Wright, 27 NY3d at 521; People v Hatcher, 211 AD3d 1236, 1240-1241 [3d Dept 2022], lv denied 39 NY3d 1078 [2023]). On the other hand, where a merely potential conflict exists, reversal is required only if such conflict "affected, or operated on[*2], or bor[e] a substantial relation to the conduct of the defense" (People v Sanchez, 21 NY3d at 223 [internal quotation marks and citation omitted]; see People v Hatcher, 211 AD3d at 1241; People v Rudolph, 170 AD3d 1258, 1263 [3d Dept 2019], lv denied 34 NY3d 937 [2019]). Although a defendant need not make a showing of specific prejudice stemming from a potential conflict, he or she nevertheless bears a heavy burden of proof (see People v Sanchez, 21 NY3d at 223; People v Hatcher, 211 AD3d at 1241).
Contrary to defendant's assertion, no actual conflict of interest was present here. Accepting, as Supreme Court did, that the defense attorney's knowledge of her business relationship with the ADA may be imputed to trial counsel as an associate in the law firm (see e.g. People v Wilkins, 28 NY2d 53, 56 [1971]), neither the defense attorney nor trial counsel had any divided loyalties or represented any conflicting interests in the context of advocating for defendant in this matter. Similarly, although the ADA — in his dual role as prosecuting attorney and appellate brief ghostwriter — may have found himself in something of a quandary, neither the ADA's ethical nor business dilemma gave rise to an actual conflict of interest in trial counsel's representation of defendant.[FN1]
Similarly, even assuming that trial counsel's awareness of the ADA's business relationship with the defense attorney created a potential conflict of interest that should have been disclosed to defendant, the record is devoid of proof that any such conflict affected, operated on or bore a substantial relation to the conduct of the defense.[FN2] Both the ADA and trial counsel acknowledged, Supreme Court found and a review of the trial transcript confirms that their relationship during defendant's trial — over which Supreme Court presided — could fairly be characterized as "contentious." Indeed, the defense attorney testified at the postconviction hearing that trial counsel described the ADA as "a real jerk" and, further, claimed that the ADA engaged in "demeaning" conduct and "personally attacked her" during the course of the trial. More to the point, trial counsel's advocacy throughout the trial — which included raising a Batson challenge during jury selection and presenting a cogent closing argument, as well as lodging objections during and moving for a mistrial based upon the People's summation — evidenced zealous representation of defendant, and nothing on the face of the record suggests that such representation was in any manner affected by the ADA's and the defense attorney's undisclosed business relationship.
In view of the foregoing, we conclude that defendant's motion, to the extent that it was premised upon a purported conflict of interest, was properly denied. As for defendant's remaining ineffective assistance arguments centering on his prior attorney's alleged failure to investigate the facts underlying the search warrant application, they have been reviewed and deemed meritless[*3].
Garry, P.J., Aarons, Pritzker and Fisher, JJ., concur.
ORDERED that the order is affirmed.

Footnotes

Footnote 1: As this Court has previously recognized, there is indeed "an inherent conflict of interest" in cases where a defense attorney, who initially represents a defendant in the context of a criminal proceeding, switches sides and joins a District Attorney's office during the pendency thereof (People v Rudolph, 170 AD3d at 1264 [internal quotation marks and citations omitted]). The concerns that arise in such circumstances, however, are not present when the reverse occurs, and the prosecuting attorney assumes the role of defense counsel (see id.). Here, although the ADA, during the course of defendant's trial, arguably was wearing two hats, i.e., prosecuting defendant and drafting appellate briefs for other defendants in unrelated criminal matters, the ADA's sole role with respect to defendant was that of prosecuting attorney, and nothing in the record suggests that the ADA — by virtue of his affiliation with the defense attorney — had access to trial counsel's file on defendant or otherwise gained some sort of inside knowledge or unfair advantage in his prosecution of defendant.
Footnote 2: We find unavailing defendant's contention that, pursuant to People v Shinkle (51 NY2d 417 [1980]), an underlying appearance of impropriety relieves him of the burden of demonstrating that the alleged potential conflict impacted the defense (see People v Herr, 86 NY2d 638, 641 [1995]).