People v Brown (2025 NY Slip Op 05995)

People v Brown

2025 NY Slip Op 05995

Decided on October 30, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 30, 2025

CR-23-1508
[*1]The People of the State of New York, Respondent,
v
Kassun O. Brown, Appellant.

Calendar Date:September 8, 2025

Before:Clark, J.P., Aarons, Lynch, Ceresia and Fisher, JJ.

Lisa A. Burgess, Indian Lake, for appellant.
J. Anthony Jordan, District Attorney, Fort Edward (Taylor Fitzsimmons of counsel), for respondent.

Ceresia, J.
Appeal from a judgment of the County Court of Washington County (Kelly McKeighan, J.), rendered August 12, 2021, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the second degree.
In the early morning hours of December 11, 2020, a State Police investigator was advised by a fellow officer that, while defendant was being arrested pursuant to an arrest warrant at an apartment in the Village of Hudson Falls, Washington County, certain drug paraphernalia was seen in plain view. The investigator went to the apartment, observed the evidence in question and then left to apply for a search warrant. Upon obtaining the warrant later that same morning, the investigator returned to the apartment and executed it, seizing suspected narcotics, US currency and drug paraphernalia. Defendant was thereafter indicted on charges of criminal possession of a controlled substance in the first degree and criminally using drug paraphernalia in the second degree.
Following a Mapp hearing, County Court denied suppression of the evidence seized from the apartment. Defendant later pleaded guilty to a reduced count of criminal possession of a controlled substance in the second degree in satisfaction of the indictment, while retaining his right to appeal. In accordance with the plea agreement, defendant was sentenced, as a second felony offender, to a prison term of 12½ years, to be followed by five years of postrelease supervision. Defendant appeals.
Defendant's sole contention on appeal is that the tangible evidence seized pursuant to the search warrant should have been suppressed because the address of the apartment to be searched was incorrectly stated in the warrant. We are unpersuaded. It is true that the mailing address of the targeted apartment was 27 Court Street, 2nd Floor, yet the warrant permitted a search of the apartment located at "3 Center St 2nd Floor." However, the apartment building in question is situated on the corner of Court Street and Center Street and, according to tax records, the address of that building is 3 Center Street. Further, the warrant provided a detailed description of the subject building, stating that it was a multistory, multifamily brick structure with white trim and a tan front door on the corner of Court Street and Center Street. As for the particular apartment to be searched, we note that the same investigator who applied for the search warrant had already been to the apartment, and then returned to it after the warrant was issued, such that " 'there was no reasonable possibility that the wrong premises would be searched' " (People v Rodriguez, 254 AD2d 95, 95 [1st Dept 1998], quoting People v Graham, 220 AD2d 769, 772 [2d Dept 1995], lv denied 89 NY2d 942 [1997]). Under these circumstances, the address discrepancy complained of by defendant "did not impair the ability of the police to readily ascertain and identify the target premises with reasonable and minimal effort" [*2](People v Mitchell, 57 AD3d 1232, 1233 [3d Dept 2008], lv denied 12 NY3d 760 [2009]). Finally, we have considered defendant's related claim regarding the photograph shown to the issuing magistrate and find it to be without merit. Accordingly, defendant's suppression motion was properly denied (see People v Carpenter, 51 AD3d 1149, 1150 [3d Dept 2008], lv denied 11 NY3d 786 [2008]; Rossi v City of Amsterdam, 274 AD2d 874, 876 [3d Dept 2000]).
Clark, J.P., Aarons, Lynch and Fisher, JJ., concur.
ORDERED that the judgment is affirmed.